UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VIATECH TECHNOLOGIES, INC., | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | * Civil Action No. 19-cv-11177-ADB |
| ADOBE INC., | * |
| Defendant. | * |
| | * |
| | * |
| | * |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO TRANSFER**

BURROUGHS, D.J.

Plaintiff ViaTech Technologies, Inc. ("ViaTech") initiated this action against Defendant Adobe Inc. ("Adobe"), alleging the infringement of ViaTech's U.S. Patent No. 6,920,567 ("the '567 patent") pursuant to 35 U.S.C. § 271. [ECF No. 1]. ViaTech's claims lie solely in federal patent law. See [ECF No. 1]. Adobe moved to dismiss the complaint on July 18, 2019, [ECF No. 24], and later filed its motion to transfer, [ECF No. 35], which is currently before the Court. Adobe has indicated its willingness to delay a decision on its motion to dismiss pending the Court's decision on its motion to transfer. [ECF No. 36 at 6 n.1]. For the reasons set forth below, Adobe's motion to transfer, [ECF No. 35], is GRANTED.

**I.   BACKGROUND**

ViaTech is a Delaware corporation with its principal place of business in Florida. [ECF No. 1 ¶ 1]. Adobe is also a Delaware corporation with its principal place of business in San Jose, California. [ECF No. 36-1 ¶ 2]. Adobe is registered to do business in Massachusetts and has several offices in the Commonwealth. [ECF No. 1 ¶¶ 2, 6, 8]. ViaTech, Inc. was founded in 1995 as a Massachusetts corporation, but later merged into ViaTech when that company

incorporated under the laws of the State of Delaware in 2000. [Id. ¶ 11]. According to public records from the Secretary of the Commonwealth of Massachusetts' Corporations Division, ViaTech's authority to transact business in the Commonwealth was revoked on June 18, 2012. [ECF No. 36-6 at 2]. On May 20, 2019, ViaTech filed annual reports for 2009 through 2018, and on May 24, 2019 filed an application for reinstatement with the Commonwealth. [Id.]. Also on May 24, 2019, it initiated this action against Adobe. [ECF No. 1]. ViaTech acknowledges that it continued to hire contract employees in Massachusetts to perform work on its product during its break in registration with the Commonwealth. [ECF No. 40-23 ¶ 9]; see also [id. ¶¶ 6–8].

At issue in this case is ViaTech's '567 patent, which contains a method for "controlling the use of files containing digital content, including system and license control mechanisms." [ECF No. 1 ¶¶ 18–19]. Three Massachusetts residents are named on the '567 patent: Robert J. Doherty, Peter L. Tierney, and Marios Arnaoutoglou-Andreou. [Id. ¶ 17]. Mr. Andreou continues to support ViaTech's products and serves as the company's Chief Technology Officer on a contract basis. [Id.]. ViaTech has no employees. [ECF No. 40-23 ¶ 4]. Its Chief Executive Officer, Frank Sola, resides in Florida. [ECF No. 40-23 ¶ 2]. ViaTech alleges that Adobe uses two technologies that infringe on the '567 patent: "(a) the Software Activation Technologies applied to software products that Adobe sells to curb piracy and unlicensed use of Adobe software, and (b) Flash Access technology which allows Adobe or third parties to protect content of their choice." [ECF No. 1 ¶ 20].

In 2014, ViaTech sued Microsoft Corporation ("Microsoft") in the District of Delaware, alleging the infringement of this same patent. [ECF No. 36 at 11]. The District of Delaware granted summary judgment for Microsoft in June 2017 and the Federal Circuit affirmed in May

2018.  [Id.]; ViaTech Techs. Inc. v. Microsoft Corp., 733 F. App'x 542 (Fed. Cir. 2018).  On June 15, 2017, ViaTech once more brought suit against Microsoft, again in the District of Delaware, and again alleging infringement of its '567 patent albeit by different Microsoft products.  [ECF No. 36 at 11].  That case is pending with a Markman hearing scheduled for May 18, 2020.  ViaTech Technologies, Inc. v. Microsoft Corporation, No. 17-cv-00570, ECF No. 90 (D. Del. Jan. 13, 2020).

## II. LEGAL STANDARD

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  The change of venue provision "was designed as a 'federal housekeeping measure,' allowing easy change of venue within a unified federal system."  Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254 (1981) (quoting Van Dusen v. Barrack, 376 U.S. 612, 636 (1964)).  "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen, 376 U.S. at 622).

In a patent infringement suit, venue is proper in the "district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).  The Supreme Court has held that "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute."  TC Heartland LLC v. Kraft Foods Grp. Brands LLC, 137 S. Ct. 1514, 1517 (2017).

Although the decision to transfer a case under § 1404(a) lies within the discretion of the trial court, "there is a presumption in favor of the plaintiff's choice of forum and the defendant must bear the burden of proving that a transfer is warranted." Momenta Pharms., Inc. v. Amphastar Pharms., Inc., 841 F. Supp. 2d 514, 522 (D. Mass. 2012). The Court should consider the following factors when determining whether transfer is warranted: (1) the plaintiff's choice of forum, (2) the relative convenience of the parties, (3) the convenience of the witnesses and location of documents, (4) any connection between the forum and the issues, (5) the law to be applied, and (6) the state or public interests at stake. Avci v. Brennan, 232 F. Supp. 3d 216, 219 (D. Mass. 2017) (citing Momenta Pharms., 841 F. Supp. 2d at 522). To succeed on a motion to transfer, the party seeking to litigate in another forum must establish that "considerations of convenience and judicial efficiency strongly favor litigating the claim in the alternative forum." Iragorri v. Int'l Elevator Inc., 203 F.3d 8, 12 (1st Cir. 2000).

When determining whether to transfer a case involving patent disputes, "transfer motions are governed by regional circuit law," rather than the law of the Federal Circuit. In re EMC Corp., 677 F.3d 1351, 1354 (Fed. Cir. 2012) (citing In re Link_A_Media Devices Corp., 662 F.3d 1221, 1222–23 (Fed. Cir. 2011)); Actifio, Inc. v. Delphix Corp., No. 14-cv-13247, 2015 U.S. Dist. LEXIS 33528, at *2 (D. Mass. Mar. 17, 2015) ("First Circuit law applies to motions to transfer under 28 U.S.C. § 1404(a)." (citing In re EMC Corp., 677 F.3d at 1354)).

### III. DISCUSSION

As a preliminary matter, Adobe does not challenge the Court's exercise of personal jurisdiction over it, nor does it suggest that venue in Massachusetts is improper. See generally, [ECF No. 36]. Adobe seeks to transfer this matter to the Northern District of California, where it is headquartered or, in the alternative, to the District of Delaware, where both ViaTech and

4

Adobe are incorporated. [ECF No. 36 at 6, 8]. ViaTech argues that witnesses and evidence are located in Massachusetts and that it would be a hardship for it to litigate elsewhere. [ECF No. 40 at 5–6].

**A.    Analysis of § 1404(a) Factors**

    1.    <u>Plaintiff's Choice of Forum</u>

In filing its action in the District of Massachusetts, ViaTech has selected this Court as its preferred forum. <u>See</u> [ECF No. 1]. ViaTech, however, is a Delaware corporation with its principal place of business in Florida. [<u>Id.</u> ¶ 1]. Further, it did not have authority to transact business in Massachusetts from approximately June 2012 through when it filed this lawsuit. "Though ordinarily there is a presumption against transfer, '[w]hen the plaintiff's choice [of forum] is not its home forum . . . the presumption in the plaintiff's favor applies with less force, for the assumption that the chosen forum is appropriate is in such cases less reasonable." <u>TargetSmart Holdings, LLC v. GHP Advisors, LLC</u>, 366 F. Supp. 3d 195, 218 (D. Mass. 2019) (quoting <u>Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.</u>, 549 U.S. 422, 430 (2007)); <u>see also</u> <u>Teva Pharm. Int'l GMBH v. Eli Lilly & Co.</u>, No. 18-cv-12029, 2019 U.S. Dist. LEXIS 67575, at *12 (D. Mass. Apr. 22, 2019); <u>Friends of Animals v. Phifer</u>, No. 15-cv-30011, 2015 U.S. Dist. LEXIS 55848, at *3 (D. Mass. Apr. 29, 2015). This presumption is further undermined by the fact that ViaTech elected to sue Microsoft for infringement of the same patent in the District of Delaware on two separate occasions. The Court therefore finds that this factor weighs in favor of Adobe and transfer to the District of Delaware.

    2.    <u>Convenience of the Parties</u>

Adobe argues that litigation in the Northern District of California would be more convenient as it is headquartered within that district and developed the accused technologies in

5

that district.  [ECF No. 36 at 8, 14].  ViaTech focuses its counter-arguments on the financial burden it would face if forced to litigate outside of Massachusetts, its chosen forum.  [ECF No. 40 at 13–16].

No matter which venue is selected, the parties will need to travel for proceedings in this case, whether to Massachusetts, Delaware, or California.  ViaTech cites Boateng v. General Dynamics Corp., 460 F. Supp. 2d 270, 275 (D. Mass. 2006), for the proposition that a large corporation like Adobe is better situated to absorb the costs associated with litigation in an inconvenient forum.  [ECF No. 40 at 14].  In Boateng, however, the plaintiff was an individual, not a corporation that is already engaged, by its own choice, in related litigation in one of the districts proposed for transfer.  See 460 F. Supp. at 272.

ViaTech has already demonstrated its financial ability (and willingness) to litigate in the District of Delaware in the two other cases related to the patent that is at issue here, and that the District of Delaware is not an inconvenient forum given that it has chosen to litigate those two earlier cases there.  The Court therefore declines to find that litigating this matter in Delaware is too inconvenient or too much of a financial hardship for ViaTech.  The Court does conclude, however, that where Adobe has agreed to both California and Delaware, Delaware would be less expensive and more convenient for ViaTech, which has its principal place of business in Florida.

The Court finds that this factor weighs in favor of Adobe and transfer to the District of Delaware.

3. <u>Witnesses and Documents</u>

Adobe states that "virtually all of its witnesses" are located in the Northern District of California, [ECF No. 36 at 15],[1] whereas ViaTech contends that Massachusetts is more convenient for "the vast majority of third-party witnesses in this case." [ECF No. 40 at 17].

"Typically, it is not the convenience of the parties, but rather the convenience of the witnesses, that is the most important factor in considering a motion to transfer venue." <u>Johnson v. N.Y. Life Ins. Co.</u>, No. 12-cv-11026, 2013 U.S. Dist. LEXIS 35434, at *4 (D. Mass. Mar. 14, 2013) (citing <u>Brant Point Corp. v. Poetzsch</u>, 671 F. Supp. 2, 3 (D. Mass. 1987)). "In analyzing the convenience of the witnesses, the Court must consider not only the number of potential witnesses located in the transferor and transferee districts, but also the nature and quality of their testimony and whether they can be compelled to testify." <u>Brant Point</u>, 671 F. Supp. at 3.

ViaTech emphasizes the importance of choosing a forum that is convenient to the inventors of the '567 patent. [ECF No. 40 at 20 (citing <u>In re Telebrands Corp.</u>, 824 F.3d 982, 986 (Fed. Cir. 2016) (denying petition for writ of mandamus after finding that magistrate judge's decision to deny motion to transfer was based on a number of factors, including the fact that the inventor was located in plaintiff's selected forum)]. Yet ViaTech chose to litigate the same patent in the District of Delaware twice, despite the fact that the patent's three named inventors live in Massachusetts. [ECF No. 40-23 ¶¶ 3, 5–7]. In addition, although ViaTech has no employees, many of its named witnesses are contractors or consultants for the company and therefore likely under the control of the company. [<u>Id.</u> at ¶¶ 6–9, 11–12]. "[I]f 'the persuasion

---

[1] Adobe acknowledges that employees in Washington handled twenty percent of the development work on one of the challenged products and that engineers in India perform work related to one of the challenged products although they were not significantly involved in that product's development. [ECF No. 36-2 at 2; ECF No. 36-1 at 3].

7

of an employer who is a party to the action can secure the appearance of witnesses regardless of the location of forum, [convenience to witnesses] diminishes in importance.'" Boateng, 460 F. Supp. 2d at 276 (quoting Sigros v. Walt Disney World Co., 129 F. Supp. 2d 56, 71 (D. Mass. 2001)).

Significantly, ViaTech is not claiming that any witnesses, including the three named inventors, are refusing to attend a trial outside of the District of Massachusetts and such a claim would be difficult to sustain given ViaTech's decision to litigate its other related patent disputes in Delaware. See Blu Homes, Inc. v. Kaufmann, No. 10-cv-11418, 2011 U.S. Dist. LEXIS 83760, at *35 (D. Mass. July 29, 2011) ("Defendants have not shown that any of their potential witnesses are in fact unwilling or unable to appear in Massachusetts."); Sivert v. Harsco Corp., No. 09-cv-10707, 2009 U.S. Dist. LEXIS 97265, at *12 (D. Mass. July 7, 2009) (same).[2] The Court assumes that many of the witnesses in this case are already assisting the company with its litigation on the same patent in the District of Delaware.[3] Finally, Adobe has indicated that it will depose ViaTech's witnesses "where they are located, regardless of where the case is litigated," further reducing the burden of travel on the non-party witnesses identified by ViaTech. [ECF No. 41 at 8 n.2].

---

[2] Several of the potential witnesses ViaTech identified reside outside of Massachusetts. [ECF No. 40-23 ¶¶ 10, 12].

[3] ViaTech has submitted the affidavit of one of the patent inventors, Mr. Andreou. [ECF No. 40-22]. Mr. Andreou states that he performs work as an independent contractor for a third-party company and that this work can only be performed when he is physically present at his office in Massachusetts. [Id. ¶ 5]. It is unlikely that Mr. Andreou would be required to testify in Delaware for more than a few days, especially since he is one of three named inventors on the patent and his testimony may prove cumulative. See McEvily v. Sunbeam-Oster Co., 878 F. Supp. 337, 347 (D.R.I. 1994) (stating that cumulative testimony is not given great weight in § 1404(a) analysis), report and recommendations adopted at No. 94-cv-0225, 1994 U.S. Dist. LEXIS 19810 (D.R.I. Dec. 15, 1994).

As to documents, Adobe states that the bulk of the documents required to litigate this case are located in the Northern District of California, [ECF No. 36 at 17], while ViaTech claims that the critical documents are located in Massachusetts, [ECF No. 40 at 21].[4] "The Federal Circuit has stated that "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." In re Genentech, Inc., 566 F.3d 1338, 1345 (Fed. Cir. 2009) (quotation omitted). Today, however, given that "most records and documents now can be transported easily or exist in miniaturized or electronic form . . . their location is entitled to little weight." Boateng, 460 F. Supp. 2d at 276 (quoting 15 Charles A. Wright, et al., Federal Practice and Procedure, § 3853); see also IMS Glob. Learning Consortium, Inc. v. Sch. Interoperability Framework Ass'n, No. 17-cv-10437, 2018 U.S. Dist. LEXIS 16570, at *10 (D. Mass. Feb. 1, 2018) (same); Bos. Post Partners II, LLP v. Paskett, No. 15-cv-13804, 2016 U.S. Dist. LEXIS 88811, at *30 n.21 (D. Mass. July 8, 2016) (same); Blu Homes, Inc., 2011 U.S. Dist. LEXIS 83760, at *33 (same); Sivert v. Harsco Corp., 2009 U.S. Dist. LEXIS 97265, at *12 (same).

The Court finds that this factor is neutral as to both parties.

    4. <u>Law to Be Applied</u>

Both parties concede that federal patent law will be applied regardless of the forum. [ECF No. 36 at 17; ECF No. 40 at 11 n.2]. This factor is therefore neutral as to both parties.

---

[4] The Court notes that because ViaTech has litigated the same patent in two other lawsuits, it has likely already digitized many of the documents that would be relevant to this lawsuit.

### 5. State or Public Interests at Stake/Connection to the Forum

ViaTech argues that Massachusetts has an interest in having the case litigated in the Commonwealth because the patent's inventors live here. [ECF No. 40 at 22]. The Court notes that while the patent's inventors live in Massachusetts, the inventors assigned the patent to ViaTech, a Delaware corporation with its principal place of business in Florida. [ECF No. 1 ¶¶ 1, 18]. ViaTech's ties to the Commonwealth have only recently been reasserted with its eve-of-litigation effort to get reinstated to do business in the Commonwealth. [ECF No. 36-6 at 2]. While some sales of allegedly infringing Adobe products may have taken place in the Commonwealth and Adobe does have offices here, the bulk of the alleged infringing activity—designing software containing elements of the '567 patent—happened in California, not Massachusetts. See [ECF No. 36 at 17–18].

In this instance, "both parties are incorporated in Delaware, which therefore also has an interest in the outcome of these related lawsuits." Idenix Pharm., Inc. v. Gilead Scis., Inc., No. 13-cv-13052, 2014 U.S. Dist. LEXIS 199627, at *13 (D. Mass. June 30, 2014). Adobe agrees to a transfer of the case to Delaware. ViaTech, by its own choice of forum, is currently engaged in litigation in the District of Delaware on the same patent as is at issue in this case. Although ViaTech argues that the pending case in Delaware involves different parties and different claims, Delaware is now the district most familiar with the patent and its contours.[5] As a result, judicial economy and consistent interpretation of the '567 patent would be promoted by transfer to the District of Delaware. See Glob. Touch Sols., LLC v. Toshiba Corp., 109 F. Supp. 3d 882, 905 (E.D. Va. 2015) (granting a motion to transfer where one patent was being litigated in two

---

[5] As discovery proceeds, ViaTech may seek to expand its infringement allegations against Adobe to include patent claims at issue in the Microsoft litigation and therefore possible overlap in claim constructions is not an impossibility at this stage.

different forums); Modavox, Inc. v. AOL LLC, No. 08-cv-05914, 2009 U.S. Dist. LEXIS 40977, at *20 (C.D. Cal. Apr. 14, 2009) (same). C.f. In re Verizon Bus. Network Servs., 635 F.3d 559, 562 (Fed. Cir. 2011) (noting that where more than five years had lapsed between lawsuits, transfer to a district that heard a previous suit on the same patent may not necessarily serve interests of judicial economy). In sum, Delaware's interest in the outcome of a lawsuit involving two of its corporations and familiarity with the patent at issue counsel in favor of transfer to that district.

This factor weighs in favor of Adobe and transfer to the District of Delaware.

## IV. CONCLUSION

Having weighed the factors described above and considered the convenience and fairness to the parties, the Court finds that transfer to the District of Delaware is appropriate. See 28 U.S.C. § 1404(a); Stewart, 487 U.S. at 29 (giving district courts discretion to transfer civil actions under § 1404(a)); 28 U.S.C. 1400(b) (venue appropriate where defendant resides); TC Heartland, 137 S. Ct. at 1517 (corporation resides in its state of incorporation). Accordingly, Defendant's motion to transfer, [ECF No. 35], is GRANTED and this action will be transferred to the District of Delaware for further proceedings.

**SO ORDERED.**

March 13, 2020 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE