IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VIATECH TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 20-358-RGA |
| | ) | |
| v. | ) | |
| | ) | |
| ADOBE INC., | ) | |
| | ) | |
| Defendant. | ) | |

# ANSWER

Defendant Adobe Inc. ("Defendant") hereby answers the Complaint of ViaTech Technologies, Inc. ("Plaintiff") and asserts its Defenses as follows:

## THE PARTIES

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph. To the extent a response is required, Defendant denies the same.

2. Defendant admits the allegations in this paragraph.

## JURISDICTION AND VENUE

3. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the same.

4. This paragraph contains conclusions of law to which no response is required.

5. This paragraph contains conclusions of law to which no response is required.

6. Defendant admits the allegations in this paragraph.

7. Defendant admits the allegations in this paragraph.

8.      Defendant admits that it maintains offices within the District of Massachusetts at the given addresses. Defendant further admits that the quoted statement is found at https://spark.adobe.com/page/OTwnf/, and that the text speaks for itself.

9.      Defendant admits that it has an online store which offers for sale, and sells, Adobe software products and services to customers in the District of Massachusetts, and that Adobe offers technical support to Adobe customers in the District of Massachusetts. Defendant denies all other allegations in this paragraph.

10.     Defendant denies all allegations in this paragraph. Defendant denies that it has at any time infringed U.S. Patent No. 6,920,567.

## FACTUAL ALLEGATIONS

11.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph. To the extent a response is required, Defendant denies the same.

12.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph. To the extent a response is required, Defendant denies the same.

13.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph. To the extent a response is required, Defendant denies the same.

14.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph. To the extent a response is required, Defendant denies the same.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph. To the extent a response is required, Defendant denies the same.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph. To the extent a response is required, Defendant denies the same.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph. To the extent a response is required, Defendant denies the same.

18. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the same.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph. To the extent a response is required, Defendant denies the same.

20. Defendant denies all allegations in this paragraph as best understood. Defendant denies that it has at any time infringed U.S. Patent No. 6,920,567.

21. Defendant denies all allegations in this paragraph as best understood.

22. Defendant denies all allegations in this paragraph as best understood.

23. Defendant denies all allegations in this paragraph as best understood.

24. Defendant admits that information related to licensing and activation is stored locally on an end-user's computer for some products. Defendant further admits that Creative Cloud monthly subscribers may utilize certain software in offline mode for up to 30 days and that annual

subscribers are afforded up to 99 days of offline use. Defendant denies all other allegations in this paragraph as best understood.

25. Defendant denies all allegations in this paragraph as best understood.

26. Defendant denies all allegations in this paragraph as best understood. Defendant denies that it has at any time infringed U.S. Patent No. 6,920,567.

27. Defendant admits that it utilizes tools to protect its digital content from unauthorized use. Defendant further admits that it offers tools that allow content owners to protect their digital content from unauthorized use. Defendant further admits that it offers Digital Rights Management products and tools which were formerly titled Adobe Access. Defendant denies all other allegations in this paragraph as best understood.

28. Defendant admits that the document https://www.adobe.com/support/adobeaccess/pdfs/server/AdobeAccess_4_Overview.pdf states that "Adobe Access is a flexible platform that enables content owners to protect their content and maintain control over distribution. Content owners can protect and manage their rights by creating licenses for each digital media file, ensuring that a wide variety of the highest-quality content is made available to consumers" and that the text speaks for itself. Defendant denies all other allegations in this paragraph as best understood.

29. Defendant denies all allegations in this paragraph as best understood.

30. Defendant admits that certain instances of the identified products use Adobe Access technology. Defendant denies all other allegations in this paragraph as best understood.

31. Defendant admits that the document https://www.adobe.com/content/dam/acom/en/devnet/video/pdfs/offline-viewing-adobe-access.pdf states that "Adobe Access 3.0 is a digital rights management platform that makes it

possible to protect and securely deliver video and audio content for playback on consumer devices such as personal computers, mobile and connected TV devices" and that the text speaks for itself. Defendant denies all other allegations in this paragraph as best understood.

32. Defendant admits that the document https://www.adobe.com/content/dam/acom/en/devnet/video/pdfs/offline-viewing-adobe-access.pdf states that "Adobe Access consists of the following components: Adobe Access Packager Server—content encryption subsystem[;] Adobe Access License Server—licensing subsystem (based on the Reference Implementation)[;] Adobe Access clients—bundled component of Flash Player and AIR" and that the text speaks for itself. Defendant denies all other allegations in this paragraph as best understood.

33. Defendant admits that the document https://www.adobe.com/content/dam/acom/en/devnet/video/pdfs/offlineviewing-adobe-access.pdf states that, as of the publication of that document, Adobe Access provided "Studio approved, industry-standard cryptography and robust tamper resistance provides secure playback of content; Persistent protection regardless of where the content is stored and independent of transmission method (HTTP streaming, RTMP, progressive download, download); Anonymous or authenticated license acquisition; Support for a variety of business models: purchase (electronic sell-through), pay-per-view, rental, subscription or ad-based; Support for standard A/V formats: H.264/MP4, AAC, FLV; Selectable Output Control enables the content owner to specify content protection requirements for analog and digital outputs to external displays, providing additional safeguards against unauthorized recording. Various technologies are used to control playback on devices, such as HDCP, CGMS-A, Rovi ACP (formerly Macrovision). This ensures reliable protection from copying at the output devices by protection of digital outputs

(HDMI, DVI) and analog outputs (S-Video and Component Video); Restricting video playback only to devices that meet specific criteria, such as device type (desktop, mobile, TV), OS, or hardware capabilities (hardware root or trust, no user accessible bus or UAB); Limiting playback for each piece of content to specific SWF/AIR apps; [and] Individualization, diversification, revocation, renewability—key studio DRM requirements." Defendant denies that it "advertises" the recited features, including to the extent the allegations in this paragraph differ from the cited text. Defendant denies all other allegations in this paragraph as best understood.

34. Defendant denies all allegations in this paragraph as best understood.

35. Defendant denies all allegations in this paragraph as best understood. Defendant denies that it has at any time infringed U.S. Patent No. 6,920,567.

36. Defendant denies the allegation that "ViaTech provided Adobe with claim charts documenting Adobe's infringement" and, on that basis, denies the allegations in the first sentence of this paragraph. Defendant admits that U.S. Patent No. 6,920,567 was cited during prosecution of three patents issued to Adobe Systems Incorporated. Defendant denies that it was "notified of its infringement and continued to infringe thereafter as contemplated by 35 U.S.C. § 287." Defendant denies all other allegations in this paragraph as best understood. This paragraph further contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the same. Defendant denies that it has at any time infringed U.S. Patent No. 6,920,567.

37. Defendant admits that a letter from Michael J. Lennon dated April 10, 2015 was sent to the attention of Michael Dillon, the Senior Vice President, General Counsel, and Corporate Secretary of Adobe, via Federal Express, including as attachments a copy of the '567 patent and documents purporting to be claim charts, and that the text of the letter and attachments speak for

themselves. Defendant denies all other allegations in this paragraph as best understood. This paragraph further contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the same. Defendant denies that it has at any time infringed U.S. Patent No. 6,920,567.

38.     Defendant admits that a letter from Michael J. Lennon dated April 10, 2015 was sent to the attention of Michael Dillon, the Senior Vice President, General Counsel, and Corporate Secretary of Adobe, via Federal Express, including as attachments a copy of the '567 patent and documents purporting to be claim charts, and that the text of the letter and attachments speak for themselves. Defendant denies all other allegations in this paragraph as best understood. This paragraph further contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the same. Defendant denies that it has at any time infringed U.S. Patent No. 6,920,567.

39.     Defendant admits that a letter from Michael J. Lennon dated April 10, 2015 was sent to the attention of Michael Dillon, the Senior Vice President, General Counsel, and Corporate Secretary of Adobe, via Federal Express, including as attachments a copy of the '567 patent and documents purporting to be claim charts, and that the text of the letter and attachments speak for themselves. Defendant denies all other allegations in this paragraph as best understood. This paragraph further contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the same. Defendant denies that it has at any time infringed U.S. Patent No. 6,920,567.

40.     Adobe admits that, based on a reasonable inquiry, it has been unable to locate any response that may have been sent to ViaTech's Notice Letter. Defendant denies all other allegations in this paragraph as best understood.

41. Defendant admits that U.S. Patent No. 6,920,567 was cited during prosecution of three patents issued to Adobe Systems Incorporated.  Defendant denies that it was placed on notice of that patent or that its products or technologies infringed that patent.  Defendant denies all other allegations in this paragraph as best understood. This paragraph further contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the same. Defendant denies that it has at any time infringed U.S. Patent No. 6,920,567.

42. Defendant admits that U.S. Patent No. 6,920,567 was cited during prosecution of U.S. Patent Application No. 13/005,823.  Defendant denies all other allegations in this paragraph as best understood. This paragraph further contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the same. Defendant denies that it has at any time infringed U.S. Patent No. 6,920,567.

43. Defendant admits that U.S. Patent No. 6,920,567 was cited during prosecution of U.S. Patent Application No. 12/622,031 under 35 U.S.C. 102(b) and that certain then-pending claims were rejected as described. Defendant denies all other allegations in this paragraph as best understood. This paragraph further contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the same. Defendant denies that it has at any time infringed U.S. Patent No. 6,920,567.

44. Defendant admits that U.S. Patent No. 6,920,567 was cited during prosecution of U.S. Patent Application No. 12/622,083. Defendant denies all other allegations in this paragraph as best understood. This paragraph further contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the same. Defendant denies that it has at any time infringed U.S. Patent No. 6,920,567.

45. Defendant denies all allegations in this paragraph as best understood. Defendant denies that it has at any time infringed U.S. Patent No. 6,920,567.

46. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph. To the extent a response is required, Defendant denies the same. Defendant denies that it has at any time infringed U.S. Patent No. 6,920,567.

47. Defendant denies all allegations in this paragraph. This paragraph further contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the same. Defendant denies that it has at any time infringed U.S. Patent No. 6,920,567.

**FIRST COUNT**
**(DIRECT AND INDIRECT INFRINGEMENT OF U.S. PATENT NO. 6,920,567 UNDER 35 U.S.C. § 271(a), (b) and (c) - ADOBE ACTIVATION TECHNOLOGY)**

48. Defendant repeats and reincorporates all preceding paragraphs.

49. Defendant denies all allegations in this paragraph. This paragraph further contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the same. Defendant denies that it has at any time infringed U.S. Patent No. 6,920,567.

50. Defendant admits that certain instances of its products Adobe applications may be downloaded from Adobe's website. Defendant further admits that certain instances of its products may be downloaded via the Creative Cloud desktop application. Defendant further admits that certain instances of its products may be downloaded via software update mechanisms. Defendant denies all other allegations in this paragraph. This paragraph further contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the same. Defendant denies that it has at any time infringed U.S. Patent No. 6,920,567.

51. Defendant denies all allegations in this paragraph as best understood.

52. Defendant denies all allegations in this paragraph as best understood.

53. Defendant denies all allegations in this paragraph as best understood. Defendant further denies that any portion of any instance of its products is "in accordance with the claims of [U.S. Patent No. 6,920,567]."

54. Defendant denies all allegations in this paragraph as best understood.

55. Defendant denies all allegations in this paragraph as best understood.

56. Defendant denies all allegations in this paragraph. This paragraph further contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the same. Defendant denies that it has at any time infringed U.S. Patent No. 6,920,567.

57. Defendant denies all allegations in this paragraph. This paragraph further contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the same. Defendant denies that it has at any time infringed U.S. Patent No. 6,920,567.

58. Defendant denies all allegations in this paragraph. This paragraph further contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the same. Defendant denies that it has at any time infringed U.S. Patent No. 6,920,567. Defendant denies that its customers, distributors, and end users have at any time infringed U.S. Patent No. 6,920,567 through use of its products.

59. Defendant denies all allegations in this paragraph. This paragraph further contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the same. Defendant denies that it has at any time infringed U.S. Patent No.

6,920,567. Defendant denies that its customers, distributors, end users, or anyone else have at any time infringed U.S. Patent No. 6,920,567 through use of its products.

60. Defendant denies all allegations in this paragraph. This paragraph further contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the same. Defendant denies that it has at any time infringed U.S. Patent No. 6,920,567. Defendant denies that its customers, distributors, end users, or anyone else have at any time infringed U.S. Patent No. 6,920,567 through use of its products.

61. Defendant denies all allegations in this paragraph. This paragraph further contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the same. Defendant denies that it has at any time infringed U.S. Patent No. 6,920,567.

62. Defendant denies all allegations in this paragraph as best understood. This paragraph further contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the same. Defendant denies that it has at any time infringed U.S. Patent No. 6,920,567.

**SECOND COUNT**
**(DIRECT AND INDIRECT INFRINGEMENT OF U.S. PATENT NO. 6,920,567 UNDER 35 U.S.C. § 271(A), (B) AND (C) – ADOBE ACCESS AND RELATED TECHNOLOGIES)**

63. Defendant repeats and reincorporates all preceding paragraphs.

64. Defendant denies all allegations in this paragraph. This paragraph further contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the same. Defendant denies that it has at any time infringed U.S. Patent No. 6,920,567.

65. Defendant admits that the quoted statement is found at https://www.adobe.com/support/adobeaccess/pdfs/server/AdobeAccess_4_Overview.pdf and that the text speaks for itself. Defendant denies all allegations in this paragraph as best understood.

66. Defendant admits that the document https://www.adobe.com/support/adobeaccess/pdfs/server/AdobeAccess_4_Overview.pdf contains statements that "Adobe Access allow for several different business models, including pay-per-view, movie rental, subscriptions, or ad-funded services" and that "The policies in Adobe Access support a wide range of different usage rules, including: Specifying the number of days a license is valid once a consumer begins watching the content [and] allowing license caching" and that the text speaks for itself. Defendant admits that the document https://helpx.adobe.com/x-productkb/multi/removing-flash-access-data-files.html contains a statement that "The Flash Access license files for Flash Player are stored in the Flash Player preferences folder. For AIR-based applications, these files are stored in the specific application's folder in the AIR Encrypted Local Store (ELS) folder" and that the text speaks for itself. Defendant denies all allegations in this paragraph as best understood.

67. Defendant admits that the document https://help.adobe.com/en_US/as3/dev/WS5b3ccc516d4fbf351e63e3d118676a5be7-8000.html contains the quoted statements and that the text speaks for itself. Defendant denies all allegations in this paragraph as best understood.

68. Defendant admits that the document https://www.adobe.com/support/adobeaccess/pdfs/server/AdobeAccess_4_Overview.pdf

contains the quoted statement and that the text speaks for itself. Defendant denies all allegations in this paragraph as best understood.

69. Defendant denies all allegations in this paragraph as best understood.

70. Defendant denies all allegations in this paragraph. This paragraph further contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the same. Defendant denies that it has at any time infringed U.S. Patent No. 6,920,567.

71. Defendant denies all allegations in this paragraph. Defendant denies that it has at any time infringed U.S. Patent No. 6,920,567.

72. Defendant denies all allegations in this paragraph. This paragraph further contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the same. Defendant denies that it has at any time infringed U.S. Patent No. 6,920,567. Defendant denies that its end users or anyone else have at any time infringed U.S. Patent No. 6,920,567 through use of its products.

73. Defendant denies all allegations in this paragraph. This paragraph further contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the same. Defendant denies that it has at any time infringed U.S. Patent No. 6,920,567. Defendant denies that its end users or anyone else have at any time infringed U.S. Patent No. 6,920,567 through use of its products.

74. Defendant denies all allegations in this paragraph as best understood. Defendant denies that it has at any time infringed U.S. Patent No. 6,920,567.

75. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph. To the extent a response is required, Defendant denies the same.

76. Defendant denies all allegations in this paragraph. This paragraph further contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the same. Defendant denies that it has at any time infringed U.S. Patent No. 6,920,567. Defendant denies that its content providers, client application providers, third-party software developers, end users or anyone else have at any time infringed U.S. Patent No. 6,920,567 through use of its products.

77. Defendant denies all allegations in this paragraph. This paragraph further contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the same. Defendant denies that it has at any time infringed U.S. Patent No. 6,920,567.

78. Defendant denies all allegations in this paragraph. This paragraph further contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the same. Defendant denies that it has at any time infringed U.S. Patent No. 6,920,567.

79. Defendant denies all allegations in this paragraph. Defendant denies that it has at any time infringed U.S. Patent No. 6,920,567

80. Defendant denies all allegations in this paragraph. This paragraph further contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the same. Defendant denies that it has at any time infringed U.S. Patent No. 6,920,567.

81.     Defendant denies all allegations in this paragraph as best understood. This paragraph further contains conclusions of law to which no response is required. To the extent a response is required, Defendant denies the same. Defendant denies that it has at any time infringed U.S. Patent No. 6,920,567.

## PRAYER FOR RELIEF

Having responded to the allegations in the Complaint as set forth above, Defendant denies that Plaintiff is entitled to any relief requested in its Prayer for Relief or to any relief whatsoever.

## DEMAND FOR JURY TRIAL

No response is required to Plaintiff's demand for a trial by jury, but Pursuant to Fed. R. Civ. P. 38(b), Defendant hereby demands a trial by jury on all issues raised by the Complaint which are properly triable to a jury, including without limitation Defendant's defenses.

## GENERAL DENIAL

Defendant hereby denies each and every allegation in the Complaint not expressly answered or qualified above.

## DEFENSES

Defendant states the following defenses to Plaintiff's Complaint. Defendant reserves all defenses under Federal Rule of Civil Procedure 8(c) and the Patent Laws of the United States, and any other defense available at law or in equity that may now exist or may become available, including defenses that become apparent during Defendant's ongoing investigation and discovery in this matter. By raising the following defenses, Defendant does not assume the burden of proof of any issue that, as a matter of law, is Plaintiff's burden to prove. Defendant further does not admit any allegation of the Complaint not otherwise admitted and expressly incorporates the admissions and denials in each and every paragraph above.

## FIRST DEFENSE - LACK OF STANDING

Upon information and belief, Plaintiff's claims are barred, in whole or in part, due to lack of standing.

## SECOND DEFENSE - FAILURE TO STATE A CLAIM

The Complaint fails to state a claim against Defendant upon which relief may be granted.

## THIRD DEFENSE - NONINFRINGEMENT

Defendant does not infringe and has not infringed, directly or indirectly, any claim of U.S. Patent No. 6,920,567.

## FOURTH DEFENSE - INVALIDITY AND UNENFORCEABILITY

Each and every claim of U.S. Patent No. 6,920,567 is invalid for failure to satisfy one or more of the conditions for patentability set forth in U.S.C. Title 35, including but not limited to Sections 101, 102, 103, and/or 112.

## FIFTH DEFENSE - LIMITATIONS ON DAMAGES

Plaintiff is precluded from recovering damages for any infringement of U.S. Patent No. 6,920,567 occurring over six years before the filing of the Complaint under 35 U.S.C. § 286.

## SIXTH DEFENSE - LACK OF NOTICE

Defendant is not liable for any damages that occurred prior to receiving actual or constructive notice of infringement of U.S. Patent No. 6,920,567 under 35 U.S.C. § 287.

## SEVENTH DEFENSE - LICENSE

Upon information and belief, Plaintiff's claims, in whole or in part, cover products or activities licensed under U.S. Patent No. 6,920,567.

## EIGHTH DEFENSE - GOOD FAITH, NO EXCEPTIONAL CASE

Defendant has engaged in all relevant activities in good faith, thereby precluding Plaintiff from recovering any attorneys' fees under 35 U.S.C. § 285, even if Plaintiff prevails on the merits.

## NINTH DEFENSE - ESTOPPEL, WAIVER, AND UNCLEAN HANDS

On information and belief, Plaintiff's claims for relief are barred, in whole or in part, under the doctrines of estoppel (including equitable estoppel), waiver (including implied waiver), and/or unclean hands.

## TENTH DEFENSE - NO EQUITABLE RELIEF

Plaintiff's remedies, if any, are limited to remedies at law which are adequate because any alleged injuries are not immediate or irreparable such as would be required to support an injunction or other equitable relief.

OF COUNSEL:

Christopher Hanewicz
Perkins Coie LLP
33 East Main Street
Suite 201
Madison, WI 53703

James F. Valentine
Perkins Coie LLP
3150 Porter
Drive, Palo Alto, CA 94304

Matthew Moffa
Perkins Coie LLP
1155 Avenue of the Americas
22nd Floor
New York, NY 10036

Dated:   April 13, 2021

/s/ Kelly E. Farnan
Kelly E. Farnan (#4395)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com

*Attorneys for Defendant Adobe Inc.*