# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIATECH TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> ADOBE, INC., <br><br> Defendant. | C.A. No.: 20-358-RGA-MPT |

**LETTER TO THE HONORABLE MARY PAT THYNGE FROM KELLY E. FARNAN REGARDING ADOBE'S MOTION TO STRIKE AN UNPLED THEORY OF INFRINGEMENT UNDER 35 U.S.C. § 271(F) FROM VIATECH'S FINAL INFRINGEMENT CONTENTIONS**

OF COUNSEL

James F. Valentine
Perkins Coie LLP
3150 Porter Drive
Palo Alto, California 94304-1212
(650) 838-4300

Christopher G. Hanewicz
Michelle M. Kemp
Perkins Coie LLP
33 East Main Street, Suite 201
Madison, WI 53703-3095
(608) 663-7460

Matthew J. Moffa
Thomas V. Matthew
Perkins Coie LLP
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036-2711
(212) 262-6900

Dated:  July 26, 2022

Kelly E. Farnan (#4395)
Valerie A. Caras (#6608)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
caras@rlf.com

*Attorneys for Defendant Adobe Inc.*

Dear Magistrate Judge Thynge:

Nearly three years into this case, in its Final Infringement Contentions, ViaTech identifies for the first time and attempts to rely upon a new theory of infringement under 35 U.S.C. § 271(f). That statutory basis was never pled or otherwise identified in ViaTech's Complaint. D.I. 1 ¶¶ 48–81. ViaTech has not attempted to amend its Complaint to add any such ground, and the deadline to do so in this case has long since passed. D.I. 59 ¶ 2. ViaTech's novel and unpled allegations of infringement under § 271(f) are not properly part of this case, and Adobe moves that they be stricken from ViaTech's Final Infringement Contentions.

## I.     Background

This case was filed on May 24, 2019. D.I. 1. ViaTech's Complaint only alleges infringement "under 35 U.S.C. ¶ 271(a), (b), and (c)," D.I. 1 ¶¶ 48–81, and ViaTech did not plead or otherwise identify any ground of infringement under § 271(f). Likewise, in its Initial Infringement Contentions, which were filed on September 15, 2021, ViaTech did not allege or identify any theory of infringement under § 271(f). The Court's scheduling order required that "[a]ll motions . . . to amend or supplement the pleadings, shall be filed on or before **September 15, 2021**," (D.I. 59 ¶ 2 (emphasis in original), but ViaTech has not moved to amend its Complaint to add any allegations of infringement under § 271(f).

Nonetheless, in its Final Infringement Contentions, filed April 25, 2022, ViaTech alleged for the first time that "Adobe's Accused Products also infringe . . . the patent-in-suit under 35 U.S.C. § 271(f)." ViaTech newly alleged that Adobe induces or requires customers *outside the United States* to take actions that allegedly render Adobe liable. Specifically, ViaTech now alleges that:

> To the extent that use of Adobe's software activation technology requires a user outside the United States to install and/or activate an Accused Product in order for a "digital content file" to be constituted, Adobe has actively

> induced such users to combine the components supplied or made available by Adobe into a combination that would infringe such claims if the combination were to occur in the United States. . . .
>
> Further, to the extent that use of Adobe's software activation technology requires a user outside the United States to install and/or activate an Accused Product in order for a "digital content file" to be constituted, Adobe has furnished at least one component specially made and especially adapted for use in the invention. . . .

(Ex. 1 (ViaTech Final Infringement Contentions) at 5–7).

ViaTech recently filed a separate, new action against Adobe on May 3, 2022, in which it *did* separately allege infringement under § 271(f) in its Complaint. *See, e.g.*, *ViaTech Techs. Inc. v. Adobe Inc.*, C.A. No. 1:22–cv-00598-RGA ("*ViaTech II*")), D.I. 1, ¶¶ 49, 52; *see also id.* at 18. Adobe opposed ViaTech's motion to consolidate the two cases, in part because it would "circumvent the rule against claim splitting by allowing ViaTech to insert its new claims under 35 U.S.C. § 271(f)—pled for the first time (and exclusively) in the '598 Action—into the '358 Action's existing procedural schedule, notwithstanding that the September 15, 2021, deadline for amendment of pleadings in the '358 Action has long passed." *ViaTech II*, D.I. 15 at 2. The Court dismissed ViaTech's motion to consolidate the two actions after the parties agreed for the new action to be stayed, before the Court reached the issue of whether ViaTech' claims under 35 U.S.C. § 271(f) had been properly interposed. *ViaTech II*, D.I. 25, Oral Order (June 24, 2022).

## II.    Argument

ViaTech has no basis for asserting contentions regarding any unpled allegations of infringement under § 271(f). The record is clear that ViaTech has not pled infringement under § 271(f) in this action, so its allegations in its Final Infringement Contentions relating to that unpled statutory basis are not part of this case. *See Boston Scientific Corporation et al v. Micro-Tech Endoscopy USA Inc. et al*, 1:18-cv-01869-SB-CJB (D.Del. Oct. 13, 2020), D.I. 197 ("It is undisputed that Plaintiffs have never pleaded indirect infringement of these patents . . . , and so

any portion of their FICS that relate to that subject matter are simply about infringement claims that are not a part of this case. . . . Plaintiffs' relevant FICs should be stricken.").

ViaTech clearly understands that allegations of infringement under § 271(f) must be pled in the Complaint, as it did so when filing a new Complaint in its separate action. *ViaTech II*, D.I. 1 at 18 (seeking "judgment that Adobe has infringed one or more claims of the '567 patent . . . under 35 U.S.C. § 271(f)"). In the current action, ViaTech has no justifiable basis for identifying and asserting a new, unpled statutory basis for alleged infringement more than seven months after the Court's deadline for amending pleadings. To the extent that ViaTech's contentions under § 271(f) can be understood, they appear to allege that Adobe infringes merely by "suppl[ying] the Accused Products outside the United States" in their entirety (Ex. 1 at 6), rather than, for example, by exporting only portions of its software products. If ViaTech contends that *any* foreign sale or distribution of an accused Adobe product infringes its patent under § 271(f), there is no reason it could not have pled that ground in its original Complaint and identified it in its Initial Infringement Contentions, which were served long after Adobe had already produced voluminous technical discovery and product source code. Instead, it waited until nearly three years into this litigation, long after the deadline for amending pleadings, to identify this alternative infringement theory and seek related discovery. (Exs. 2, 3 (ViaTech's 3rd Set of Interrogatories and RFPs (April 19, 2022)).)

Adobe has consistently and correctly treated the scope of the case as limited to the infringement grounds pled in ViaTech's Complaint — i.e., to sales/distribution of the Accused Products in the United States. (*See, e.g.*, Ex. 4 (Adobe's Responses to ViaTech's 1st Set of RFPs (June 16, 2021)) ¶ 7 ("To the extent that any of the Requests are unlimited as to territory, geographic location, or jurisdiction, Adobe objects to such requests as being overbroad and unduly burdensome . . . . For each of these requests, Adobe will provide relevant, non-privileged,

3

responsive documents regarding activity within the United States, unless otherwise noted.").) ViaTech did not raise any discovery dispute regarding the scope of its allegations until now. If ViaTech wanted to expand this action to include allegations of infringement under § 271(f), it had ample opportunity to do so before the Court's deadline for amendment of pleadings. *See, e.g.*, *Pfizer Inc. v. Sandoz Inc.*, No. CV 12-654-GMS/MPT, 2013 WL 5934635, at *3 (D. Del. Nov. 4, 2013) (noting that for leave to amend a pleading after the deadline for amendments have passed, a party must "satisfy the good cause requirement of Rule 16(b) by demonstrating that the amendment could not have been reasonably sought in a timely manner despite diligence.").

Allowing ViaTech to assert its new theory of infringement under § 271(f) would prejudice Adobe and necessitate substantial additional discovery at a late stage in the case. ViaTech has sought 3 new interrogatories and 4 new requests for production relating to its § 271(f) allegations. (Exs. 2, 3.) Written fact discovery has already closed, and the parties have approximately two months to complete fact depositions. D.I. 140, ¶ 2. Moreover, ViaTech has already taken its deposition of Adobe's primary technical witness and did not address any questions related to exports or any "combination" of components by foreign entities into any allegedly infringing "digital content file." Allowing ViaTech to assert its new theory and take related discovery (e.g., financial information regarding exports, shipments, and distribution of Accused Products throughout the world and technical information regarding foreign "use and combination" of alleged product "components") would impose a significant burden and potentially require further delays in the case schedule.

For these reasons, the Court should grant Adobe's motion to strike the unpled allegations of infringement under § 271(f) from ViaTech's Final Infringement Contentions.

| | |
|---|---|
| OF COUNSEL | */s/ Kelly E. Farnan* |
| | Kelly E. Farnan (#4395) |
| James F. Valentine | Valerie A. Caras (#6608) |
| Perkins Coie LLP | Richards, Layton & Finger, P.A. |
| 3150 Porter Drive | One Rodney Square |
| Palo Alto, California 94304-1212 | 920 North King Street |
| (650) 838-4300 | Wilmington, DE 19801 |
| | (302) 651-7700 |
| Christopher G. Hanewicz | farnan@rlf.com |
| Michelle M. Kemp | caras@rlf.com |
| Perkins Coie LLP | |
| 33 East Main Street, Suite 201 | *Attorneys for Defendant Adobe Inc.* |
| Madison, WI 53703-3095 | |
| (608) 663-7460 | |

Matthew J. Moffa
Thomas V. Matthew
Perkins Coie LLP
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036-2711
(212) 262-6900

Dated:  July 26, 2022