IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VIATECH TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 20-358-RGA-MPT |
| v. | ) | |
| | ) | |
| ADOBE INC., | ) | |
| | ) | |
| Defendant. | ) | |

**LETTER TO THE HONORABLE MARY PAT THYNGE FROM ANDREW C. MAYO
IN RESPONSE TO ADOBE'S LETTER OF JULY 26, 2022**

*Of Counsel:*

Denise M. De Mory
Michael N. Zachary
Jennifer L. Gilbert
Richard C. Lin
BUNSOW DE MORY LLP
701 El Camino Real
Redwood City, CA  94063
(650) 351-7248

Dated:  July 28, 2022

ASHBY & GEDDES
John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Plaintiff*

Dear Chief Magistrate Judge Thynge:

I write on behalf of plaintiff ViaTech Technologies, Inc. in response to defendant Adobe Inc.'s letter/motion requesting that the Court strike ViaTech's final infringement contentions with respect to induced and contributory infringement under Section 271(f). (D.I. 153).

**Summary of Argument**

The fundamental flaw with Adobe's motion is its assumption that a party that pleads inducement and contributory infringement under Sections 271(b) and (c) must also separately plead inducement and contributory infringement under Section 271(f) with respect to foreign sales. Yet, Adobe did not cite a single case in support of this proposition. Moreover, the case law cited by ViaTech below is to the contrary. The essential rationale for these decisions, highlighted below, is that infringement under Section 271(f) is a form of indirect infringement, and that allegations in a complaint of indirect infringement are sufficient to provide notice of both domestic and foreign indirect infringement.

Adobe's motion also ignores the fact that ViaTech's contentions were served more than two months before the original date for the close of fact discovery, and five months before the extended date. The deadline for final contentions was set to occur well before the discovery cutoff so as to allow discovery directed to those contentions after they were served. ViaTech served those contentions timely. Even now, ViaTech can only surmise how Adobe distributes its products outside the United States; discovery is needed with respect to ViaTech's timely served contentions. Indeed, Adobe's attempt to deny timely served discovery related to these contentions while claiming that ViaTech should have amended its complaint in this action is fraught with irony.

**Case Law Supports ViaTech's Position**

Several reported decisions support ViaTech's positions. For example, in *FlowRider Surf, Ltd., v. Pacific Surf Designs, Inc.*, No. 15-cv-1879-BEN (BLM), 2016 WL 6522808 (S.D. Cal. Nov. 3, 2016), the Court granted plaintiff's request for discovery directed to foreign sales despite the lack of any express allegation in the complaint identifying Section 271(f). The plaintiff had alleged induced and contributory infringement generally in the complaint, and in its initial infringement contentions stated that plaintiff reserved the right based on discovery to contend that defendant also committed acts of induced and contributory infringement. *Id*. at *8. The Court held that by these allegations and contentions, "Plaintiffs have alleged not only direct infringement under . . . § 271(a), but also indirect infringement in violation of other provisions of . . . § 271, and infringement involving component sales in violation of § 271(f)." *Id*.

Similarly here, ViaTech alleged acts of both direct and indirect infringement, and in its initial infringement contentions further spelled out how Adobe indirectly (and directly) infringed ViaTech's '567 patent. ViaTech also expressly identified that Adobe supplied "components" (the term used in § 271(f)) that were used in infringing combinations. Specifically, "Adobe knows that its Software Activation technologies are components used to practice . . . the '567 patent, and knows that these components are especially made and adapted for use in infringing the claims." (D.I. 1, ¶60). These allegations and contentions are sufficient to embrace Section 271(f), which is also predicated on acts of indirect infringement, namely supplying components to induce and contribute to infringement by customers who are outside the United States.

Other cases are to the same effect as *Flowrider*. In *Roche Diagnostics Corp. v. Home Diagnostics, Inc.*, No. 1:04-cv-01187-LJM-JMS, 2007 WL 9822642 (S.D. Ind. Feb. 14, 2007), the defendant refused to produce discovery relating to foreign sales on the basis that the

complaint did not explicitly assert infringement under § 271(f). *Id.* at *1. The Court found the allegations sufficient, and ordered the discovery:

> The complaint alleges HDI's product directly infringes, contributorily infringes, and/or induces infringement of Roche's patents. § 271(f) contemplates inducing infringement. The language in the complaint is sufficient to give HDI fair notice of a claim pursuant to § 271(f).

*Id*. The allegations in ViaTech's complaint are similarly sufficient.

Finally, in *Fenner Investments, Ltd. v. Juniper Networks Inc.*, No. 2:05-cv-5, 2006 WL 8440679 (E.D. Tex. June 6, 2006), the Court not only agreed with the plaintiff's argument that "it need not seek leave to amend its complaint" to add an explicit and separate claim under § 271(f), the court also allowed the plaintiff to supplement its infringement contentions to add contentions under § 271(f) even though the plaintiff had separately filed a second case against the same defendant in which the plaintiff *did* explicitly plead a claim under § 271(f).[1] *Id*. at *1, 4. Here, Adobe argues that ViaTech's filing of a second complaint (which is now stayed) against Adobe somehow establishes that ViaTech was required to plead § 271(f) in its first complaint in order for the scope of the case to include § 271(f).[2] However, as the decision in *Fenner* makes clear, the filing of the second complaint is irrelevant. The only issue is whether allegations of indirect infringement in the first complaint are sufficient to put the defendant on notice of a claim for indirect infringement under § 271(f), a question the court there answered in the affirmative.

The lone decision cited by Adobe regarding the alleged necessity to plead a claim under § 271(f) does not address § 271(f) at all. The decision in *Boston Scientific Corp. v. Micro-Tech*

---

[1] In E.D. Tex., the plaintiff generally must seek leave to amend its infringement contentions, and the Court in *Fenner* found good cause for the amendment and ordered discovery concerning foreign sales. Here, by contrast, no leave was required because the scheduling order already contemplated that ViaTech would serve preliminary and final contentions, the latter to be served more than two months before the close of fact discovery.

[2] As ViaTech explained in its motion to consolidate the first and second cases, the addition of Section 271(f) to the second complaint merely "conforms the allegations to ViaTech's final infringement contentions in the first case." (D.I. 122 at 4).

*Endoscopy USA Inc.*, 1:18-cv-01869-SB-CJB (D. Del. Oct. 13, 2020), held only that failure to plead indirect infringement precludes assertion of indirect infringement in final infringement contentions.  This of course is a far cry from asserting indirect infringement under §§ 271(b) and (c) and then serving timely contentions with months remaining in fact discovery that include § 271(f).  *Cf. Flowrider, Roche, Fenner*, *supra* (holding that where plaintiff pleads indirect infringement, explicitly pleading § 271(f) is unnecessary).

**ViaTech's Discovery Requests Were Timely**

As an initial matter on this point, discovery is often a give and take process, and Adobe refused even to respond to ViaTech's suggestions for alleviating the alleged burden (see ViaTech motion, D.I. 152 at 3), this discovery allegedly imposes.  That aside, Adobe fails to acknowledge that ViaTech's discovery requests were served: (1) over two months before the final infringement contentions were due; (2) almost two and half months before the original close of discovery; (3) five months before the extended close of discovery; and (4) were disputed, and therefore were specifically exempted from the original discovery deadline by agreement of the parties and order of the Court.  (D.I. 140, ¶1).  Further, expert reports are not due until November 2, 2022, over three months from now.  *Id*. at 1.  Adobe's burden argument has no weight.

For the reasons stated above, the Court should deny Adobe's request to strike ViaTech's final infringement contentions insofar as they concern § 271(f).

Respectfully,

*/s/ Andrew C. Mayo*

Andrew C. Mayo (#5207)

ACM/nlm

cc:   Counsel of Record (via electronic mail)