IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIATECH TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> ADOBE, INC., <br><br> Defendant. | C.A. No.: 20-358-RGA-MPT |

**LETTER TO THE HONORABLE MARY PAT THYNGE FROM KELLY E. FARNAN OPPOSING VIATECH'S DISCOVERY MOTIONS RAISED FOR THE AUGUST 1, 2022, DISCOVERY HEARING**

OF COUNSEL

James F. Valentine
Perkins Coie LLP
3150 Porter Drive
Palo Alto, California 94304-1212
(650) 838-4300

Christopher G. Hanewicz
Michelle M. Kemp
Perkins Coie LLP
33 East Main Street, Suite 201
Madison, WI 53703-3095
(608) 663-7460

Matthew J. Moffa
Thomas V. Matthew
Perkins Coie LLP
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036-2711
(212) 262-6900

Dated: July 28, 2022

Kelly E. Farnan (#4395)
Valerie A. Caras (#6608)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
caras@rlf.com

*Attorneys for Defendant Adobe Inc.*

Dear Magistrate Judge Thynge:

### I. Discovery Relating to ViaTech's Unpled 271(f) Allegations

As described in Adobe's letter brief in support of its motion to strike, ViaTech's allegations of export infringement under 35 U.S.C. § 271(f) were never pled in ViaTech's Complaint and are not properly part of this case. D.I. 153. ViaTech provides no explanation or justification for failing to identify this statutory ground in its Complaint, for failing to amend its Complaint to add any such ground before the Court's deadline (September 15, 2021), or for waiting nearly three years into this litigation before seeking—*six days* before its deadline for Final Infringement Contentions—extremely broad discovery related to this new, vague, and untimely allegation.[1]

If ViaTech believes that Adobe is somehow liable for export infringement under § 271(f) merely because it "supplies the Accused Products outside the United States," D.I. 153-2, Ex. 1 at 6, it could have identified that statutory ground in its initial complaint (filed in May 2019) or any time before September 15, 2021, which was the deadline agreed by the parties and adopted by the Court *both* for amending pleadings and for ViaTech's Initial Infringement Contentions. D.I. 59 at 1, 3. It then could have taken discovery related to the allegation, further developed its infringement theory, and included a fulsome articulation in its Final Infringement Contentions to adequately put ViaTech on notice of its allegations. Instead, ViaTech waited until *six days* before its Final Infringement Contentions were due, and more than *seven months* after the deadline for amending pleadings, to seek discovery relating to an infringement theory that had never been pled and was not part of the case. *See, e.g.*, D.I. 153-2, Ex. 2–3.

---

[1] ViaTech's letter misleadingly suggests that the parties agreed to extend the fact discovery period to allow ViaTech to take "additional discovery." In fact, the case was extended in view of Adobe's pending Motion to Dismiss, which the parties agree would *narrow* the discovery scope.

1

To be clear, ViaTech's chosen timing is prejudicial to Adobe. The § 271(f) allegations presently in ViaTech's Final Infringement Contentions are vague and conclusory—and not for any lack of discovery. For example, ViaTech alleges infringement "to the extent that use of Adobe's software activation technology requires a user outside the United States to install and/or activate an Accused Product in order for a 'digital content file' to be constituted. . . ." Ex. 1 at 6.[2] If ViaTech is allowed to pursue and seek discovery regarding these unpled and vaguely articulated allegations, Adobe will not see ViaTech's actual theory until expert reports are served, thereby depriving Adobe of the notice, certainty, and discovery that the Final Infringement Contentions are supposed to provide.

ViaTech says that it seeks "targeted discovery" related to its 271(f) allegations; to the contrary, ViaTech's discovery requests are extremely broad and would be improper even if the allegations *had* been properly pled in ViaTech's complaint. For example, ViaTech's Interrogatory No. 20 requests:

> **Describe in detail <u>any</u> export, shipment or distribution of Accused Products** or the Accused Technology (or portions or components thereof), whether by download, electronic or physical shipment or otherwise, and whether as a standalone product, component, code, or otherwise, from the United States **to <u>anyone</u> outside the United States,** for the period **from 2013 to the present**, including the method(s) or manner of export, shipment or distribution, the identification and quantity (by month or quarter) of each product or component exported, shipped or distributed by each method, **and the use and combination of such products or components by customers or end-users upon export, shipment or distribution**.

Ex. 2 at 6.

---

[2] ViaTech fails to identify in Final Infringement Contentions any actual alleged act of inducement by Adobe or any allegedly infringing "export" of any specific "component" that would trigger liability under § 271(f). *Id.* at 6–7. Instead, ViaTech alleges that "[t]he manner of such distribution is still subject to discovery and is under investigation." But the failure to plead, raise, and/or investigate these allegations was entirely ViaTech's own making.

ViaTech's interrogatory, on its face, asks Adobe to provide a *detailed description* of *any* export, shipment, or distribution of *any* Accused Product to *anyone* outside the United States, over the course of a *nine-year* window, and to (somehow) further describe the *use* of each of such product by Adobe's customers upon export, shipment, or distribution. *Id.* ViaTech's RFPs further requests documents relating to each of those topics. *Id.* ViaTech's RFP 131 even asks for the geographical location of *every* server from which Adobe has distributed even one copy of an Accused Product to anyone outside the United States, and the quantity of copies downloaded from each. The scope of ViaTech's discovery requests is expansive, unduly burdensome, and disproportionate, particularly given that these allegations were never pled in ViaTech's complaint.

ViaTech's suggestion that the prejudice to Adobe can be cured is incorrect. *See, e.g.*, *Meyers v. Pennypack Woods Home Ownership Assn.*, 559 F.2d 894, 904 (3d Cir. 1977) (addressing both prejudice and "the ability of that party to cure the prejudice"). ViaTech says it "offered to work with Adobe to alleviate the alleged burden of collecting information, such as by limiting discovery to certain products (and impliedly, business units) rather than all accused products," but it is unclear what this would even mean. ViaTech has *not* offered to narrow the scope of its § 271(f) contentions in any corresponding way. This is not a situation where there is a kernel of responsive information at the heart of an overbroad request; rather, the entirety of ViaTech's discovery requests is overbroad because its § 271(f) contentions are broad, unpled and not part of the case. ViaTech's discovery requests are highly burdensome; there is no way to "alleviate" that burden to only produce relevant, discoverable information, because the requests themselves are untimely and unpled, and this has already prejudiced Adobe.

**II.   Discovery Relating to Adobe Access/Primetime License Agreements**

ViaTech's letter confusingly suggests that Adobe has failed to produce "*license agreements* that relate to Adobe's digital rights management (DRM) products, called Adobe

3

Access/Primetime." Letter at 3 (emphasis added). Not so. ViaTech has *already* produced its patent license agreements applicable to digital rights management—including, to be clear, agreements applicable to the identified Access/Primetime product. And Adobe has provided a Rule 30(b)(6) witness to testify about these agreements.

Rather, ViaTech's eleventh-hour request seeks (1) a "Resale Agreement" under which Adobe agreed to offer a third-party's products and services via its Access/PrimeTime product, and (2) exemplary customer agreements for that product. None of these is a patent license agreement, and none of ViaTech's cited cases supports their use as a comparable license.[3]

Adobe appropriately objects to production of these agreements as not proportional to ViaTech's case. These are *business* agreements, and the Access/Primetime product is serviced by business units distinct from those behind the accused products. ViaTech withdrew its infringement allegations against (and discovery into) Access/Primetime in September of 2021. Should ViaTech seek to rely on these agreements in any way for its damages case, Adobe and its damages expert will be forced in response to collect and produce information, identify and interview witnesses, and offer whatever cross-examination ViaTech demands—all from business units not involved in this case, on agreements of unsupported probative value, and for products that ViaTech affirmatively withdrew from suit.

---

[3] To be clear, Adobe *already* produced two patent license agreements with the Resale Agreement counterparty. ViaTech's request is plainly broader and seeks business agreements, including a resale agreement executed *eight years* after infringement allegedly began.

4

| | |
|---|---|
| OF COUNSEL | */s/ Kelly E. Farnan*<br>Kelly E. Farnan (#4395)<br>Valerie A. Caras (#6608) |
| James F. Valentine<br>Perkins Coie LLP<br>3150 Porter Drive<br>Palo Alto, California 94304-1212<br>(650) 838-4300 | Richards, Layton & Finger, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>farnan@rlf.com |
| Christopher G. Hanewicz<br>Michelle M. Kemp<br>Perkins Coie LLP<br>33 East Main Street, Suite 201<br>Madison, WI 53703-3095<br>(608) 663-7460 | caras@rlf.com<br><br>*Attorneys for Defendant Adobe Inc.* |
| Matthew J. Moffa<br>Thomas V. Matthew<br>Perkins Coie LLP<br>1155 Avenue of the Americas, 22nd Floor<br>New York, NY 10036-2711<br>(212) 262-6900 | |
| Dated: July 28, 2022 | |