IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VIATECH TECHNOLOGIES, INC., | ) | **CONFIDENTIAL:** |
| | ) | **FILED UNDER SEAL** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | C.A. No. 20-358-RGA-MPT |
| ADOBE INC., | ) | |
| | ) | |
| Defendant. | ) | |

**LETTER TO THE HONORABLE MARY PAT THYNGE FROM ANDREW C. MAYO REGARDING AUGUST 1, 2022 DISCOVERY HEARING**

*Of Counsel:*

Denise M. De Mory
Michael N. Zachary
Jennifer L. Gilbert
Richard C. Lin
BUNSOW DE MORY LLP
701 El Camino Real
Redwood City, CA 94063
(650) 351-7248

Dated: July 26, 2022

ASHBY & GEDDES
John G. Day (#2403)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Attorneys for Plaintiff*

{01823971;v1 }

Dear Chief Magistrate Judge Thynge:

I write on behalf of plaintiff ViaTech Technologies, Inc. to address two discovery disputes concerning defendant Adobe Inc.'s responses to interrogatories, document requests and a Rule 30(b)(6) deposition notice served by ViaTech.  **First**, ViaTech seeks targeted discovery related to its contention that Adobe infringes pursuant to 35 U.S.C. 271(f) by inducing and contributing to infringement by overseas customers.  **Second**, ViaTech seeks the production of certain agreements entered into between Adobe and third parties that ViaTech contends are relevant to damages.  Adobe has objected to producing such discovery.  The relevant discovery requests and responses are attached (Exs. C-F).

**Background**:

ViaTech alleges that Adobe infringes U.S. Patent No. 6,920,567 ("'567 patent"), which relates to protection mechanisms for digital content such as software or games to prevent unauthorized copying or use.  The accused products are Adobe software products that include "software activation" technology for preventing unauthorized copying and use of the products.  ViaTech filed the case in May 2019 in the District of Massachusetts.  Following transfer to the District of Delaware, the Court issued an agreed Scheduling Order on April 27, 2021.  (D.I. 59).  The order provided that ViaTech would serve preliminary infringement contentions on September 15, 2021, and final infringement contentions on April 25, 2022.  The fact discovery deadline was originally set for July 1, 2022, but by agreement and Court order was extended to September 30, 2022.  (D.I. 140).  Thus, the parties agreed, and the Court ordered, that final infringement contentions would be served well prior to the close of fact discovery, enabling additional discovery in view of such contentions.

In its preliminary infringement contentions, timely served on September 15, 2021, ViaTech provided detailed information as to how Adobe infringed the '567 patent through acts

of contributory and induced infringement. (Ex. A). In its final contentions, timely served on April 25, 2022, ViaTech further notified Adobe that it also induced and contributed to infringement outside the United States under 35 U.S.C. § 271(f). (Ex. B).

**First Dispute**

On April 19, 2022, *prior to service of the infringement contentions*, and roughly two and a half months before the close of discovery, ViaTech served document requests, interrogatories, and an amended Rule 30(b)(6) deposition notice directed to information about how Adobe distributes accused products outside the United States, and the related volumes of sales.

For example, Request for Production ("RFP") No. 127 asks for documents regarding methods of distribution outside the U.S., RFP No. 128 seeks the identification of accused products shipped overseas, RFP No. 129 seeks documents identifying which products are shipped using which method, RFP No. 130 requests documents concerning how the accused products are combined into infringing combinations overseas, and RFP No. 131 requests documents concerning the location of servers used for downloading Adobe products by overseas users and the quantities of accused products downloaded. (Ex. C at 7-11). Interrogatories Nos. 20-22 cover similar information, but in interrogatory form. (Ex. D at 2-4). Finally, topics 18 and 29 in the deposition notice cover methods of distribution and related financial information for products distributed outside the United States. (Ex. E at 9-10, 12).

In its responses to the interrogatories and document requests served on May 20, 2022, Adobe objected to providing documents or information, and provided none. (Ex. C at 7-11; Ex. D at 2-4). So far, Adobe also has not designated a witness to testify concerning topics 18 and 29 with respect to distribution outside the United States.

In meet and confer discussions, Adobe objected that the discovery was outside the scope of the complaint. ViaTech disagrees, but to avoid duplication will address that issue in response

{01823971;v1 }                                    2

to Adobe's motion to strike ViaTech's final infringement contentions with respect to Section 271(f), filed contemporaneously by Adobe. Adobe also asserted the discovery was burdensome because each Adobe business unit had its own way of distributing products outside the United States, and collecting the information would therefore be burdensome. ViaTech offered to work with Adobe to alleviate the alleged burden of collecting information, such as by limiting discovery to certain products (and impliedly, business units) rather than all accused products. Adobe never responded to this offer, or proposed any other way to alleviate the alleged burden.

ViaTech's discovery requests were properly propounded well within the time for fact discovery, and Adobe has not shown that such requests are unduly burdensome. It also has made no effort to work with ViaTech to address any alleged burden. The discovery is directly on point with respect to ViaTech's infringement contentions, and is proportional to the needs of the case. Accordingly, Adobe should be ordered to respond to the discovery requests forthwith.

**Second Dispute**

ViaTech requested that Adobe produce certain license agreements that relate to Adobe's digital rights management (DRM) products, called Adobe Access/Primetime. (*See* Ex. F at 44-46 (RFP Nos. 38-40)). ViaTech contends that such DRM products, which protect customer's products from copying, are comparable to Adobe's accused software activation technology, which protects Adobe's own products from copying.[1] Adobe concedes that production of the agreements would not be burdensome. It objects to production based on alleged lack of proportionality.

---

[1] ViaTech at one time accused Adobe's DRM products of infringement, but after Adobe produced sales figures for those products, ViaTech elected not to pursue claims against such products. In withdrawing its claims, ViaTech stated: "To the extent ViaTech has any outstanding discovery requests from our previous meet and confer discussions that relate ***solely*** to Access/Primetime DRM, please consider those requests to be withdrawn." (Emphasis added). Nothing in ViaTech's statement precludes ViaTech from seeking discovery concerning DRM products that is relevant to ViaTech's claims against Adobe's other products.

As the Court can appreciate, ascertaining an appropriate value of accused technology, which is not sold to third parties, is a challenging task. One of the best ways of doing so is by looking at license agreements for comparable technology, an approach that the Federal Circuit has endorsed. *Summit 6, LLC v. Samsung Electronics Co.*, 802 F.3d 1283, 1296 (Fed. Cir. 2015); *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1319 (Fed. Cir. 2014), overruled on other grounds by *Williamson v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. 2015) (*en banc*); *VirnetX, Inc. v. Cisco Systems, Inc.*, 767 F. 3d 1308, 1330 (Fed. Cir. 2014) (two of six licenses were drawn to related technology).

The agreements that ViaTech requests fall squarely within this case law. First, ViaTech requests a copy of ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Second, Viatech requests that Adobe produce exemplary agreements licensing Adobe's digital rights management (DRM) program to customers for use in protecting the customers' products. Both of these agreement categories may bear on the value of a hypothetical license to the technology described in the '567 patent. Regardless of the ultimate value of these agreements, the burden of producing them is low, and at the discovery stage, they should be produced.

Respectfully,

/s/ *Andrew C. Mayo*

Andrew C. Mayo (#5207)

ACM/nml
Attachments
cc:     Counsel of Record (via electronic mail; w/attachments)

**LIST OF TELECONFERENCE PARTICIPANTS**

Pursuant to Paragraph 3 of Your Honor's May 4, 2022 Order setting discovery dispute procedures (D.I. 106), the following individuals will be participating in the hearing scheduled for August 1, 2022 at 11:00 a.m.:

Michael N. Zachary – Bunsow De Mory LLP
Richard C. Lin – Bunsow De Mory LLP
Andrew C. Mayo – Ashby & Geddes