IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIATECH TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> ADOBE, INC., <br><br> Defendant. | Civil Action No. 20-358-RGA |

# MEMORANDUM ORDER

Plaintiff filed a motion *in limine* requesting, among other things, to exclude the Electronic Arts (EA) Agreement. (D.I. 242). Defendant opposes the motion. *Id.* During the pretrial conference, I requested a copy of the EA Agreement. (Pretrial Conference Tr. at 101:25-102:10). I postponed making a decision on the EA Agreement pending further submissions. (D.I. 256 at 2). The parties subsequently submitted the EA Agreement (D.I. 257) and short letters about the agreement (D.I. 259; D.I. 260).

The background to the pending motion is that the EA Agreement is a result of a settlement agreement between ViaTech and EA. (D.I. 257-1, Exhibit 1). ViaTech owed $783,000 to EA under a hosting agreement for sales of EA games. *Id.* In December 2011, ViaTech and EA reached a settlement in which EA agreed to accept a payment of $50,000 and ViaTech granted EA a non-exclusive license to the '567 patent. (*Id.* at Exhibit 1; Exhibit 2). According to Frank Sola, CEO and President of ViaTech, the settlement was reached because Plaintiff threatened to declare bankruptcy if EA insisted on the full amount owed. (*See* D.I. 197-1, Exhibit BB at ¶ 35).

Plaintiff argues that Defendant's expert, Dr. Mody, does not rely on the EA Agreement in her affirmative damages opinion and that the EA Agreement and the surrounding circumstances are highly prejudicial with little probative value. (D.I. 259; D.I. 242 at 4). Defendant argues that it will not introduce testimony regarding any wrongful conduct and that the EA Agreement is probative for assessing the value of the '567 patent. (D.I. 260; D.I. 242 at 9).

I agree with Plaintiff that the EA Agreement is not an agreement that Dr. Mody treats as a comparable agreement and that her report shows that it makes no meaningful contribution to her conclusion on damages. On the other hand, the evidence is that the agreement was highly influenced by the threat of bankruptcy. Discussion of Plaintiff's near bankruptcy would be highly prejudicial to Plaintiff.

In connection with its submission of the EA Agreement, Defendant listed the paragraphs of Dr. Mody's report that discuss or mention the agreement. (D.I. 257, listing ¶¶ 12, 25, 35-36, 47, 81, 93-94, and 109). I read those paragraphs. Dr. Mody does not rely on the EA Agreement in any of the cited paragraphs to support her affirmative damages opinion. Dr. Mody mainly relies on the EA Agreement in the history portion of her report (D.I. 197-1, Exhibit B at ¶¶ 25, 35-36), non-infringing alternatives (*id.* at ¶ 47), and for her opinion that the agreement does not bear on the royalty rate for the patent-in-suit (*id.* at ¶¶ 81, 93-94, and 109). Thus, the EA Agreement is at best tangentially relevant to Dr. Mody's damages opinion. Further, if the agreement were not excluded, Plaintiff would be forced to explain why the circumstances surrounding this agreement are not comparable to a hypothetical negotiation. These circumstances are highly prejudicial to Plaintiff, and any probative value of the EA Agreement is substantially outweighed by the risk of unfair prejudice. Fed. R. Evid. 403.

Thus, I GRANT Part VI of Plaintiff's motion *in limine* (D.I. 242) and I will exclude the EA agreement.

IT IS SO ORDERED this 14th day of September, 2023.

/s/ Richard G. Andrews
United States District Judge