# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VIATECH TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 20-358-RGA-JLH |
| v. | ) | |
| | ) | ~~CONFIDENTIAL:~~ |
| ADOBE INC., | ) | ~~FILED UNDER SEAL~~ |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## ~~[PROPOSED]~~ AMENDED FINAL PRETRIAL ORDER

John G. Day (#2403)
Andrew Colin Mayo (#5207)
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Of Counsel*:

Denise M. De Mory (*Pro Hac Vice*)
Michael Zachary (*Pro Hac Vice*)
Richard C. Lin (*Pro Hac Vice*)
Hillary N. Bunsow (*Pro Hac Vice*)
Joshua Scheufler (*Pro Hac Vice*)
Elizabeth Day (*Pro Hac Vice*)
Aaron Hand (*Pro Hac Vice*)
BUNSOW DE MORY LLP
701 El Camino Real
Redwood City, CA 94063
Tel.: (650) 351-7248
Fax: (415) 426-4744
ddemory@bdiplaw.com
mzachary@bdiplaw.com
rlin@bdiplaw.com

Kelly E. Farnan (#4395)
Sara M. Metzler (#6509)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
caras@rlf.com

*Of Counsel*:

James F. Valentine
jvalentine@perkinscoie.com
Perkins Coie LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 838-4300
Christopher G. Hanewicz
CHanewicz@perkinscoie.com
Michelle M. Kemp
MKemp@perkinscoie.com
Perkins Coie LLP
33 East Main Street, Suite 201
Madison, WI 53703-3095
(608) 663-7460

hillarybunsow@bdiplaw.com
jscheufler@bdiplaw.com
eday@bdiplaw.com
ahand@bdiplaw.com

*Attorneys for Plaintiff*
VIATECH TECHNOLOGIES, INC.

Matthew J. Moffa
MMoffa@perkinscoie.com
Thomas V. Matthew
TMatthew@perkinscoie.com
Perkins Coie LLP
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036-2711
(212) 262-6900

*Attorneys for Defendant*
ADOBE INC.

## TABLE OF CONTENTS

I.      NATURE OF THE CASE ................................................................................. 1

II.     FEDERAL JURISDICTION ............................................................................ 3

III.    UNCONTESTED FACTS ................................................................................ 3

IV.     CONTESTED ISSUES OF FACT ................................................................... 5

V.      ISSUES OF LAW THAT REMAIN TO BE LITIGATED ............................. 5

VI.     WITNESSES..................................................................................................... 5

        A.      ViaTech's Trial Witnesses ................................................................. 6

        B.      Adobe's Trial Witnesses .................................................................... 8

        C.      Testimony by Deposition.................................................................. 10

VII.    EXHIBITS ...................................................................................................... 11

VIII.   DISCLOSURE OF WITNESSES, DEPOSITION
        TESTIMONY, EXHIBITS AND DEMONSTRATIVES
        DURING TRIAL ............................................................................................ 13

        A.      Opening Statements .......................................................................... 13

        B.      Witnesses ........................................................................................... 14

        C.      Deposition Testimony ...................................................................... 15

        D.      Exhibits and Demonstratives ........................................................... 17

        E.      Copies ................................................................................................ 18

IX.     VIATECH'S STATEMENT OF INTENDED PROOF ................................. 19

X.      ADOBE'S STATEMENT OF INTENDED PROOF ................................... 20

XI.     SETTLEMENT ............................................................................................... 20

XII.    AMENDMENTS TO THE PLEADINGS ................................................... 21

XIII.   OTHER MATTERS........................................................................................ 21

        A.      Length and Time of Trial ................................................................. 21

B.     Order of Presentation of Evidence to the Jury ................................................ 21

C.     Motions *in Limine* ........................................................................................... 22

D.     Voir Dire, Jury Instructions, and Verdict Form .............................................. 23

E.     Jurors and Jury Procedures ............................................................................. 24

F.     Set-up of Electronic Equipment ...................................................................... 24

G.     Handling of Confidential Information at Trial ................................................ 24

H.     Sequestration of Witnesses ............................................................................. 25

I.     Other Stipulations ........................................................................................... 25

J.     Disputed issues to be resolved at the pretrial conference. ............................. 26

## **EXHIBITS**

Exhibit A         ViaTech's Statement of Contested Issues of Fact

Exhibit B         Adobe's Statement of Contested Issues of Fact

Exhibit C         ViaTech's Statement of Issues of Law that Remain to be Litigated

Exhibit D         Adobe's Statement of Issues of Law that Remain to be Litigated

Exhibit E         ViaTech's Deposition Designations and Adobe's Counter Designations

Exhibit F         Adobe's Deposition Designations and Adobe's Counter Designations

Exhibit G         ViaTech's Trial Exhibit List

Exhibit H         Adobe's Trial Exhibit List

Exhibit I         Stipulation Regarding Source Code

## I.   NATURE OF THE CASE

1.      This is a patent infringement case.

2.      Plaintiff ViaTech Technologies, Inc. ("Plaintiff" or "ViaTech") is a corporation organized and existing under the laws of the State of Delaware.

3.       Defendant Adobe Inc. ("Defendant" or "Adobe") is a corporation organized and existing under the laws of the State of Delaware.

4.      On May 24, 2019, ViaTech filed a complaint against Adobe in the United States District Court for the District of Massachusetts alleging infringement of U.S. Patent No. 6,920,567 (the "'567 Patent" or "Asserted Patent").  (D.I. 1.)

5.      **ViaTech's Statement:**  On July 18, 2019, Adobe filed a Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that the claims of the '567 Patent are invalid under 35 U.S.C. § 101 because they are directed to patent-ineligible subject matter.  (D.I. 24.)

6.      On August 30, 2019, Adobe filed a Motion to Transfer Venue to the Northern District of California or, alternatively, District of Delaware.  (D.I. 35.)

7.      On March 13, 2021, the Court granted Adobe's Motion to Transfer Venue (D.I. 35) and transferred the case to the District of Delaware.  (D.I. 43.)

8.      **ViaTech's Statement:**  On March 30, 2021, the Court denied Adobe's Motion to Dismiss on § 101 grounds (D.I. 24). (D.I. 53.)

9.      On April 13, 2021, Adobe filed an Answer to Plaintiff's Complaint.  (D.I. 54.)

10.      The Court did not hold a *Markman* hearing because the parties agreed that the Court's prior construction of claim terms in previously litigated related actions was sufficient for this action and that no *Markman* hearing would be necessary.  (D.I. 84.)  The Court issued its Claim Construction Order on November 1, 2021.  (D.I. 86.)

11.     On April 22, 2022, Adobe filed a Motion to Dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction.  (D.I. 97.)  On May 3, 2022, ViaTech filed a Complaint against Adobe in the District of Delaware, Case No. 1:22-cv-00598, that is substantially similar to the Complaint filed in this action.  ViaTech filed the new complaint in case the Court granted Adobe's Motion to Dismiss.  On May 27, 2022, ViaTech moved to consolidate the two cases into one.  (D.I. 121.)  On June 24, 2022, the Court stayed the second litigation pending its ruling on the Motion to Dismiss, and deemed ViaTech's Motion to Consolidate moot.  (D.I. 141.)  On February 23, 2023, the Court denied Adobe's Motion to Dismiss.  (D.I. 178.)  On March 14, 2023, the second litigation was administratively closed pending any appeal of the issues in the Court's February 23, 2023 order.

12.     Fact discovery closed on October 17, 2022 (D.I. 167), and expert discovery closed on March 3, 2023 (D.I. 175).

13.     The following motions are pending:

*ViaTech's Motions*

- Motion for Partial Summary Judgment on Adobe's affirmative defenses of license, estoppel, waiver, and unclean hands (D.I. 186)

- *Daubert* Motion and Objections to Expert Testimony regarding Adobe's expert witnesses Stephen Wicker, Nisha Mody, and William Rosenblatt (D.I. 187)

*Adobe's Motions*

- Motion for Summary Judgment of Non-Infringement of the '567 Patent (D.I. 180)

- *Daubert* Motion to Exclude Testimony of Jim Bergman (D.I. 181)

- *Daubert* Motion to Exclude Testimony of Dr. Vijay Madisetti (D.I. 182)

14.     A five-day jury trial in this matter is scheduled to take place on September 18-20 and 25-26, 2023 starting at 9:30 a.m. each day.  (D.I. 140; D.I. 192.)

15.     The technology at issue involves tools for software licensing and management. ViaTech alleges that Adobe's software products, such as Adobe Acrobat, Adobe Photoshop, and Adobe Illustrator, that include its AMT and NGL software activation technologies (collectively, the "Accused Products") infringe Claims 1-5, 7, 13-14, and 28 of the '567 Patent.

## II.     FEDERAL JURISDICTION

16.     The Court has found that it has subject matter jurisdiction over this action. (D.I. 178.)

17.     The parties do not dispute that this Court has personal jurisdiction over Adobe.

18.     The parties do not dispute that venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b) at least because Adobe is incorporated in Delaware.

## III.    UNCONTESTED FACTS

The following facts are not disputed and have been agreed to and stipulated to by the parties.  The parties agree that this list of uncontested facts may be read to the jury.

19.     Adobe Inc. is a corporation organized and existing under the laws of the State of Delaware.

20.     ViaTech Technologies, Inc. is a corporation organized and existing under the laws of the State of Delaware.

21.     On July 19, 2005, the United States Patent and Trademark Office issued United States Patent No. 6,920,567 (the "'567 Patent") entitled "System and Embedded License Control Mechanism for the Creation and Distribution of Digital Content Files and Enforcement of

Licensed Use of the Digital Content Files" to ViaTech Technologies, Inc. with Robert J. Doherty, Peter L. Tierney, and Marios Arnaoutoglou-Andreou listed as inventors.

22.     The '567 Patent issued from U.S. Application No. 09/544,682, filed on April 7, 2000.

23.     The '567 Patent claims priority to Provisional Application No. 60/128,152, filed on April 7, 1999.

24.     The '567 Patent expired on April 7, 2020.

25.     ViaTech is the owner of all substantial rights, title and interest in and to the '567 Patent, including the right to sue for infringement for damages for all past, present, and future time periods.

26.     ViaTech filed this lawsuit on May 24, 2019.

27.     Adobe made, used, sold, and offered for sale in the United States, and imported into the United States, products that include Adobe's AMT software activation technology from at least as early as 2010 to at least 2018.

28.     Adobe has made, used, sold, and offered for sale in the United States, and imported into the United States, products that include Adobe's NGL software activation technology since at least as early as 2018, and through the expiration of the '567 patent.

29.     The hypothetical negotiation date is April 2010.

30.     Pursuant to 35 U.S.C. §287, Adobe was on notice that its activation software allegedly infringed the '567 patent no later than April 10, 2015, by virtue of a letter from Michael J. Lennon to Michael Dillon, Senior Vice President, General Counsel and Corporate Secretary of Adobe.  Adobe never responded to the April 10, 2015 letter.

31.     The data and calculations in Exhibits 1, 2.1, 2.2, 3.1 and 3.2 to the Expert Report of Jim W. Bergman are accurate.

## IV.     CONTESTED ISSUES OF FACT

ViaTech's Statement of Contested Issues of Fact is attached as **Exhibit A**.

Adobe's Statement of Contested Issues of Fact is attached as **Exhibit B**.

All identified issues of fact shall also be deemed to be issues of law.

## V.     ISSUES OF LAW THAT REMAIN TO BE LITIGATED

ViaTech's Statement of Issues of Law that Remain to be Litigated is attached as **Exhibit C**.

Adobe's Statement of Issues of Law that Remain to be Litigated is attached as **Exhibit D**.

All identified issues of law shall also be deemed to be issues of fact.

## VI.     WITNESSES

32.     Any witness not listed in either party's witness list will be precluded from testifying, absent good cause.  In the absence of an alternative agreement among the parties, witnesses will be sequestered unless a fact witness is also a party's corporate representative(s) at trial.  The parties agree that expert witnesses need not be sequestered.

33.     Except as provided under D. Del. LR 43.1 or by express permission of the Court, once tendered for cross examination, no witness shall communicate with anyone else regarding the substance of the witness's testimony until such time as the witness is excused by the Court from examination, including any redirect.

34.     The listing of a witness on a party's pre-trial witness list does not require that party to call that witness to testify, and does not necessarily mean that the listing party has the power to compel the live testimony of that witness.

35.     The parties are not permitted to recall fact or expert witnesses to testify multiple times, unless the Court orders otherwise or the witness is recalled for rebuttal purposes.

36.     The parties' witness lists represent the parties' good faith understanding and expectation about which witnesses are expected to be called live in person, or by deposition, at trial.  To the extent that a witness's circumstances change, or a witness otherwise becomes unavailable for trial, each party reserves the right to call that witness by deposition to the extent permitted under the Federal Rules of Civil Procedure and the Federal Rules of Evidence and subject to resolution of objections by the other party.

   **A.     ViaTech's Trial Witnesses**

Aside from those called solely for impeachment, ViaTech may present the following witnesses at trial, either live or by deposition:

| Witness | Method | May / Will Call |
|---|---|---|
| Robert Doherty | Live | Will Call |
| Frank Sola | By deposition | May Call |
| Peter Tierney | Live | Will Call |
| Marios Arnaoutoglou-Andreou | Live | May Call |
| Charlie Way | Live | May Call |
| Peter Jonietz | Live | May Call |
| Jim Bergman | Live | Will Call |
| Vijay Madisetti | Live | Will Call |
| Daniel Brotsky | Live or Deposition | May Call |
| Bob Murata | Deposition | May Call |
| Michael Draper | Live or Deposition | May Call |

| Witness | Method | May / Will Call |
|---|---|---|
| Jonathan Crawford | Live or Deposition | Will Call |
| Richard Atkinson | Deposition | May Call |
| Avinash Kotwal | Deposition | May Call |
| Pamela Wright | Deposition | May Call |
| Wei Cheng | Deposition | May Call |

ViaTech expressly reserves the right to call live or by deposition, any witness on Adobe's list of trial witnesses.  ViaTech also reserves the right to call by deposition any of the witnesses identified in its deposition designations.  ViaTech also reserves the right to call by deposition any of its own witnesses who are not available for trial.

ViaTech reserves the right to amend or supplement its trial witness list as part of the meet and confer process leading up to trial, in response to Adobe's pretrial disclosures and objections, in response to any pretrial rulings or orders from the Court, and in the event that any of the individuals listed become unable to attend the trial or otherwise unable to provide testimony. ViaTech also reserves the right to call rebuttal witnesses.

ViaTech reserves the right not to call one or more of the trial witnesses identified above. ViaTech also reserves the right to object on any grounds to the admissibility of the testimony of trial witnesses on its own or Adobe's witness lists and further reserves the right to move for the exclusion of such testimony. Inclusion on this list does not imply or establish that Adobe may compel the live testimony of that witness and does not waive any objections that ViaTech may have should Adobe seek to introduce testimony of that witness.

**B.      Adobe's Trial Witnesses**

Aside from those called solely for impeachment, Defendant Adobe, Inc. may present the following witnesses at trial, either live or by deposition:

| Witness | Method | May / Will Call |
|---|---|---|
| William Rosenblatt | Live | Will Call |
| Steven Wicker | Live | Will Call |
| Nisha Mody | Live | Will Call |
| Michael Draper | Live | Will Call |
| Daniel Brotsky | Live | Will Call |
| Robert Murtagh | Live | May Call |
| Jonathan Crawford | Live or Deposition | Adobe does not presently intend to call this witness live but reserves the right to seek to do so based on testimony elicited in ViaTech's case in chief. |
| Pam Wright | Deposition | May Call |
| Avinash Singh Kotwal | Live or Deposition | May Call |
|  |  |  |
| Marios Arnaoutoglou-Andreou | Live or Deposition | May Call |
| Frank Sola | Deposition | May Call |
| Robert Doherty | Deposition | May Call |
| Peter Tierney | Deposition | May Call |
| Thomas Major | Deposition | May Call |
| Richard Atkinson | Live or Deposition | May Call |

| Witness | Method | May / Will Call |
|---|---|---|
| Sanford Bingham | Live [1] | Will Call |

Adobe expressly reserves the right to call live or by deposition, any witness on ViaTech's list of trial witnesses. Adobe also reserves the right to call by deposition any of the witnesses identified in its deposition designations. Abode also reserves the right to call by deposition any of its own witnesses who are not available for trial.

Adobe reserves the right to amend or supplement its trial witness list as part of the meet and confer process leading up to trial, in response to ViaTech's pretrial disclosures and objections, in response to any pretrial rulings or orders from the Court, and in the event that any of the individuals listed become unable to attend the trial or otherwise unable to provide testimony. Adobe also reserves the right to call rebuttal witnesses.

Adobe reserves the right not to call one or more of the trial witnesses identified above. Adobe also reserves the right to object on any grounds to the admissibility of the testimony of trial witnesses on its own or ViaTech's witness lists and further reserves the right to move for the exclusion of such testimony. Inclusion on this list does not imply or establish that ViaTech may compel the live testimony of that witness and does not waive any objections that Adobe may have should ViaTech seek to introduce testimony of that witness.

---

[1] Mr. Bingham is not available to testify the week of September 25. The parties will cooperate to enable Mr. Bingham to testify during the week of September 18.

### C.    Testimony by Deposition

37.    ViaTech's list of deposition designations, Adobe's objections and counter-designations, ViaTech's objections and counter-designations to the counter-designations, and Adobe's objections to the counter-counter-designations are attached hereto as **<u>Exhibit E</u>**.

38.    Adobe's list of deposition designations, ViaTech's objections and counter-designations, Adobe's objections and counter-designations to the counter-designations, and ViaTech's objections to the counter-counter-designations are attached hereto as **<u>Exhibit F</u>**.

39.    The parties agree that objections and statements by counsel will not be introduced except where necessary to understand the answer to the question, which will only be included by mutual agreement.  The parties agree that, subject to resolution of any objections, exhibit(s) referenced in a designated deposition excerpt may be presented and shown to the jury at the same time that the excerpt is played or read.

40.    When a witness is called to testify by deposition at trial, the party calling the witness shall provide the Court with two copies of the transcript of the designations, counter-designations, and counter-counter-designations that will be read or played.  The parties will be charged for the time taken to read or play its designations (or counter-designations or counter-counter-designations). Specifically, any affirmative designations offered by a party will count against that party's trial presentation time, any counter-designations by the other party will count against the party who made the counter-designations, and any counter-counter-designations will count against the party who made the counter-counter-designations. The time charged for designations played by video will be measured by the proportion of the number of lines of testimony for its designations to the total number of lines of testimony read.

## VII.   EXHIBITS

41.     ViaTech's exhibit list, other than those to be used for impeachment, and Adobe's objections thereto, is submitted as **Exhibit G**.  ViaTech's exhibits will be identified with PX and PPX numbers, starting with PX001 and PPX001.

42.     Adobe's exhibit list, other than those to be used for impeachment, and ViaTech's objections thereto, is submitted as **Exhibit H**.  Adobe's exhibits will be identified with DX and DTX numbers, starting with DTX001.

43.      Any exhibit not listed in a party's exhibit list other than those to be used solely for impeachment will be precluded from admission at trial, absent agreement of the parties or good cause shown.  Changes based on the Court's rulings on pending motions *in limine* or dispositive or Daubert motions shall be presumed to provide good cause if presented within three (3) business days of any such ruling.[2]

44.     On or before the first day of trial, counsel will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list for each party.

45.     The parties agree that any description or date of a document on an exhibit list is provided for convenience only and may not be used as an admission or otherwise as evidence regarding the listed document or any other listed document.

46.     Any documents, deposition transcripts, or portions thereof, or other items, not specifically identified herein or offered into evidence, may still be used at trial for purposes of impeachment, subject to any rulings of the Court or motions in limine, if otherwise competent

---

[2] The parties are still working toward resolution of exhibit issues relating to the FileOpen exhibits, which are exempted from this provision for both parties.

for such purposes, and may be admitted into evidence consistent with the requirements of the Federal Rules of Evidence.

47.     In order to reduce the number of duplicate exhibits, where a deposition excerpt references a document by exhibit number and that identical document was also marked with a different trial exhibit number, a party may substitute one exhibit for the other.  In addition, the parties will promptly meet and confer regarding replacing any poor print or digital quality copies of exhibits with substantively identical improved or higher quality or color copies.

48.     Legible photocopies of documents may be offered and received in evidence in lieu of originals thereof.  Electronic versions of document exhibits in their native format, such as spreadsheets or presentations, may be offered into evidence in lieu of paper or PDF versions. The parties will timely exchange replacement versions and/or native versions of exhibits prior to use in trial.

49.     The parties agree that any party may seek to offer as evidence an exhibit present on another party's exhibit list, subject to any objections that may be made.

50.     **Adobe's Position**:  No party will remove a document from its exhibit list or a deposition designation without agreement from the other party unless it provides the other party the opportunity to add the document to its exhibit list or deposition designations.  **ViaTech's Position**:  ViaTech agrees to this procedure except to the extent that a document or designation indicates that it is subject to removal pending the outcome of pending motions.

51.     The parties will meet and confer regarding their respective objections in an effort to resolve all objections and issues prior to presenting them to the Court.

52.     The parties agree that demonstrative exhibits the parties and experts intend to use at trial do not need to be included on their respective lists of trial exhibits attached hereto.  Each

demonstrative exhibit shall identify by exhibit number all trial exhibits that form the basis of the demonstrative exhibit.  Demonstratives shall be submitted to the Court at the end of trial and included in the record for appeal.  ViaTech's demonstrative exhibits will be identified with PDX numbers, starting at PDX1.  Adobe's demonstrative exhibits will be identified with DTX numbers, starting with DDX1.

53.     The parties agree that they will not dispute the authenticity of a party's documents produced by that party during discovery, which on its face appears to have been authored by an employee, officer or agent of the producing party in the ordinary course of business, and that such documents shall be deemed *prima facie* authentic, subject to the right of the party against whom such a document is offered to adduce evidence to the contrary or to require the offering party to provide authenticating evidence if the opposing party has a reasonable basis to believe that the document is not authentic.

## VIII.   DISCLOSURE OF WITNESSES, DEPOSITION TESTIMONY, EXHIBITS AND DEMONSTRATIVES DURING TRIAL

### A.     Opening Statements and Closing Arguments

54.     Any demonstratives to be used during opening statements are to be exchanged by 10:00 a.m. the day before the opening statements.  Any objections to those demonstratives must be provided by 4:00 p.m. the same day (the day before the opening statements).  The parties shall meet and confer telephonically or in person in an attempt to resolve any objections to these demonstratives at 8:00 p.m.  If objections cannot be resolved by the parties, the unresolved issues will be raised with the Court before opening statements are to be presented to the jury.

55.     Closing demonstratives will be exchanged.  Timing of such exchange will depend on how the trial progresses; neither party will be expected to exchange closing demonstratives until the presentation of evidence had ended.  The parties will work in good faith to provide

adequate time for the opposing party to review demonstratives. Provided that evidence closes the day prior to closing arguments, any demonstratives to be used during closing arguments are to be exchanged by 7:00 p.m. the night before the closing arguments. Any objections to those demonstratives must be provided by 8:00 p.m. the same day (the day before the closing arguments). The parties shall meet and confer telephonically or in person in an attempt to resolve any objections to these demonstratives. If objections cannot be resolved by the parties, the unresolved issues will be raised with the Court before closing arguments are to be presented to the jury.

### B. Witnesses

56.     The parties shall disclose, with their best good faith understanding, by email the identity of any witnesses they intend to call, including rebuttal witnesses, the order in which witnesses will be called, and whether each such witness will be called live or by deposition, by 7:00 p.m. two (2) calendar days before the day of trial during which the witness will testify. In other words, if a witness will testify on a Wednesday, the witness must be identified by 7:00 p.m. on Monday prior to said Wednesday. The parties reserve the right to revise, in good faith, their witness identifications, including order. The parties shall also disclose any exhibits intended to be used with such witnesses in accordance with Section VIII.D.

57.     The other party will identify any objections to such witnesses via e-mail by 9:00 p.m., and the parties will meet and confer to resolve any objections by 9:30 p.m. that same evening. Any unresolved objections shall be brought to the Court's attention for resolution no later than the start of the trial day on which the witness is expected to testify. If later events cause the need to remove a witness from a party's witness list, the parties agree to notify the other side as soon as possible.

-14-

58.     During adjournments in the trial including breaks during the trial and overnight, the offering party may discuss with a witness his or her testimony on direct examination until the witness is passed for cross-examination and cross-examination has commenced, but is prohibited from discussing with the witness his or her testimony from the conclusion of direct examination until such time as the witness is excused by the Court from examination, including any redirect, except that this does not preclude discussions with witnesses that are excused but may be recalled as rebuttal witnesses.  Depending on the status of the trial at the time of adjournment on Wednesday, the parties reserve the right to seek permission to speak with the witness.  For example, if that witness is also expected to be called as rebuttal witness on topics unrelated to the testimony in ViaTech's case in chief, ViaTech may request permission to speak to the witness about to prepare the rebuttal testimony.

### C.      Deposition Testimony

59.     Unless otherwise agreed to between the parties, the party offering deposition testimony (other than for the purpose of impeachment) shall identify the deposition testimony to be offered, i.e., transcript page and line numbers of exchanged designations, by 7:00 p.m. two (2) calendar days prior to the testimony being offered into the record.  The party receiving the designations shall inform the opposing party of any objections and counter-designations by 9:00 p.m. that same day.  The parties shall meet and confer to resolve any objections to designated testimony by 9:30 p.m. that same day to permit sufficient time to resolve any objections.  Any unresolved objections shall be brought to the Court's attention for resolution no later than the start of the trial day on which the deposition testimony is expected to be played or read.  The party calling the witness shall submit, on behalf of all parties: (i) A copy of the entire deposition testimony of the witness at issue, clearly highlighting the designations, counter-designations, counter-counter-designations, and pending objections; and (ii) a cover letter clearly identifying

-15-

the pending objections as well as a brief indication (i.e., no more than two sentences per objection) of the basis for the objection and the offering party's response to it.  Failure to comply with these procedures, absent an agreement by the parties and approval by the Court, will result in waiver of the use of the deposition testimony or waiver of objection to the use of the deposition testimony.  The party introducing the deposition testimony shall be responsible for editing the deposition video to include the testimony and any counter-designation and counter-counter-designation testimony.

60.     To the extent that deposition designations, counter-designations, or counter-counter-designations are admitted into evidence, they must either be played by video or read in open court.  If a party opts to introduce deposition testimony, any counter-designation and counter-counter-designation of that same witness's testimony must be admitted in the same medium, and the testimony designated by both sides will be played or read consecutively in the sequence in which the testimony was originally given at deposition.  If an exhibit is referenced in a deposition designation, and the designation is not objected to, the exhibit is admitted into evidence if it is included on any party's trial exhibit list and is not otherwise objected to, subject to Section VII (Exhibits).

61.     The parties agree that Mr. Sola is unavailable for trial and that ViaTech may play any portions of Mr. Sola's depositions during trial, subject to resolution of any objections that Adobe may have that are unrelated to Mr. Sola's availability. ViaTech will provide updated designations for Mr. Sola by 3PM ET on Monday, September 11 and Adobe will provide updated counter-designations and objections by 3PM ET on Wednesday, September 13, to which ViaTech will provide counter-counter designations and objections by 3 PM ET on Thursday, September 14.  ViaTech's designations of testimony subject to outstanding Daubert motions and

motions in limine, such as regarding Electronic Arts, Dr. Mody's testimony regarding the 2011

offer, and ViaTech's monetization efforts will be conditional and subject to withdrawal

depending on the outcome of those motions.  ViaTech waives no objections by designating

testimony on these topics.

62.     In addition, the parties agree have reached agreement regarding language

regarding Mr. Sola's absence from trial.  After ViaTech's first fact witness mentioning Mr. Sola

concludes his testimony, the Court should read a statement:  "You have heard some testimony

that mentions Mr. Sola, ViaTech's CEO from the early 2000's until now.  The parties agree that

Mr. Sola is not available to testify in person.  However, the parties agree that deposition

testimony of Mr. Sola from several years ago may be offered during the course of the trial

because he cannot attend the trial."

63.     To the extent deposition designations are read or played in open court, each side

will be charged the time taken to read or play its designations (or counter-designations or

counter-counter-designations) in accordance with paragraph 40.

64.     The above procedures regarding deposition designations do not apply to portions

of deposition transcripts and/or video of a witness used for impeachment or cross-examination of

that witness.  Any deposition testimony of a witness may be used at trial for the purpose of

impeachment of that witness, regardless of whether a party specifically identified that testimony

on its list of deposition designations, if the testimony is otherwise competent for such purpose.

**D.      Exhibits and Demonstratives**

65.     For direct examination, each party shall provide to the other side a list of all

exhibits and make physical exhibits available for inspection, and shall provide color copies of all

demonstratives in PDF form or, if a demonstrative cannot be placed in PDF form, in its native

form via a downloadable link or email attachment, by no later than 7:00 p.m. one (1) calendar

day before the party intends to call each witness.  The parties shall exchange objections to these exhibits and demonstratives by 9:00 p.m. on the day they are received.  The parties shall meet and confer regarding any objections to these exhibits and demonstratives at 9:30 p.m. on the day they are received.

66.     For cross examination, each party shall provide to the other side a list of all exhibits and make physical exhibits available for inspection, and shall provide color copies of all demonstratives in PDF form or, if a demonstrative cannot be placed in PDF form, in its native form via a downloadable link or email attachment, by no later than 7:00 p.m. the day before their anticipated use.  The parties shall exchange objections to these exhibits and demonstratives by 9:00 p.m. on the day they are received.  The parties shall meet and confer regarding any objections to these exhibits and demonstratives at 9:30 p.m. on the day they are received.  This does not apply to exhibits or demonstratives used for impeachment relating to testimony elicited during direct examination.

67.     Any unresolved objections shall be brought to the Court's attention for resolution no later than the start of the trial day on which the exhibit or demonstrative is intended to be used.  This provision does not apply to exhibits or demonstratives created during testimony, which do not need to be provided to the other side in advance of their use.  This provision also does not apply to demonstratives previously used during trial.  In addition, blow-ups or highlights of exhibits or parts of exhibits or testimony are not required to be provided to the other side in advance of their use unless they are contained within a demonstrative (e.g., included in a slide deck).

**E.     Copies**

68.     Prior to the start of direct examination of a particular witness, the party conducting the direct examination will provide the other party with one (1) copy of binder(s)

containing all exhibits and demonstratives that they intend to use with that witness on direct examination and will provide the three (3) required copies to the Court.

69.     At the start of cross examination, the witness, counsel and the court should be provided with a binder of materials expected to be used on cross examination previously identified pursuant to paragraph 66 above. This does not apply to exhibits or demonstratives to be used solely for impeachment relating to testimony elicited during direct examination.

## IX.     VIATECH'S STATEMENT OF INTENDED PROOF

70.     ViaTech's Statement of Intended Proof is limited to its expected proof with regard to its claims, and does not address the proof that it may choose to present in response to the defenses for which Adobe has the burden of proof and may present at trial.  ViaTech's statement is based on the current status of the case and the Court's current rulings.  ViaTech reserves the right to revise this statement in light of further decisions or orders of the Court, including without limitation any rulings on pending motions.

71.     ViaTech intends to prove that Adobe has directly infringed, either literally or under the doctrine of equivalents, Claims 1-5, 7, 13-14, and 28 of the '567 Patent by making, using, offering for sale, and/or selling the Accused Products in the United States, and/or importing the Accused Products into the United States.

72.     ViaTech intends to prove that Adobe has indirectly infringed Claims 1-5, 7, 13-14, and 28 of the '567 Patent by inducing others (e.g., customers, distributors, and end users) to directly infringe, either literally or under the doctrine of equivalents, the claims.

73.     ViaTech intends to prove that Adobe has indirectly infringed Claims 1-5, 7, 13-14, and 28 of the '567 Patent by contributing to another's (e.g., customers, distributors, and end users) direct infringement of the claims, either literally or under the doctrine of equivalents.

-19-

74.     ViaTech intends to prove that Adobe's infringement was willful.

75.     ViaTech intends to prove the damages of not less than a reasonable royalty that should be awarded for Adobe's infringement, plus pre- and post-judgment interest and costs.

76.     ViaTech intends to prove that enhanced damages, up to a trebled amount, should be awarded for Adobe's willful infringement.

77.     ViaTech intends to prove that it should be awarded its reasonable attorneys' fees under at least 35 U.S.C. § 285.

## X.     ADOBE'S STATEMENT OF INTENDED PROOF

78.     Adobe denies each and every allegation in ViaTech's Statement of Intended Proof, which is directed to issues on which ViaTech bears the burden of proof. Adobe's Statement of Intended Proof is based on the current status of the case and the Court's current rulings.  Adobe reserves the right to revise this statement in light of further decisions or orders of the Court, including without limitation any rulings on pending motions.

79.     Adobe intends to prove that Claims 1-5, 7, 13-14, and 28 of the '567 Patent are invalid as anticipated, obvious, and/or directed to unpatentable subject matter.

80.     Adobe intends to prove that it should be awarded its reasonable attorneys' fees under at least 35 U.S.C. § 285.

## XI.    SETTLEMENT

81.     The parties to this case have never engaged in a formal settlement process, although there were some early discussions between counsel that did not result in any offers being made.  In early June of this year, the parties discussed the possibility of pretrial mediation but no such mediation has occurred.

## XII.   AMENDMENTS TO THE PLEADINGS

82.   Neither party intends to seek any amendment(s) to its pleadings.

## XIII.   OTHER MATTERS

### A.   Length and Time of Trial

83.   A five-day jury trial in this matter is scheduled to take place on September 18-20 and 25-26, 2023 starting at 9:30 a.m. each day.  (D.I. 140; D.I. 192.)  Until the case is submitted to the jury for deliberations, the jury will be excused each day at a time decided by the Court.

84.   The trial will be timed.  Unless otherwise ordered, time will be charged to a party for its opening statement, direct and redirect examinations of witnesses it calls and cross-examination of witnesses called by the opposing party.  Voir dire and closing argument are not included in the requested per side trial time allotment.

85.   The parties each request 12 hours per side for their trial presentations.

86.   The Courtroom Deputy will keep a running total of trial time used by counsel.  If any party uses all of its allotted trial time, the Court will terminate that party's trial presentation.

### B.   Order of Presentation of Evidence to the Jury

87.   The parties propose that they each be permitted to present an affirmative case (i.e., presentation of evidence for issues on which the party bears the burden of proof), a rebuttal case (i.e., presentation of evidence rebutting the other party's affirmative case), and that each party be permitted to present a rebuttal to the other's rebuttal case (i.e., presentation of evidence rebutting Adobe's rebuttal case on issues for which ViaTech bears the burden of proof, and presentation of evidence regarding ViaTech's rebuttal case on issued for which Adobe bears the burden of proof).

88.   Accordingly, the parties propose that the following order of presentation of evidence govern the jury trial:

-21-

89.     Opening statements (ViaTech, followed by Adobe)

90.     ViaTech's presentation of evidence for issues on which ViaTech bears the burden of proof (i.e., infringement, willfulness, and damages)

91.     Adobe's presentation of evidence rebutting ViaTech's presentation for issues on which ViaTech bears the burden of proof, and Adobe's presentation of evidence for issues on which Adobe bears the burden of proof (i.e., invalidity and any other defenses).

92.     ViaTech's presentation of evidence rebutting Adobe's presentation for issues on which Adobe bears the burden of proof, and ViaTech's presentation of evidence rebutting Adobe's rebuttal presentation for issues on which ViaTech bears the burden of proof.

93.     Adobe's presentation of evidence rebutting ViaTech's rebuttal presentation for issues on which Adobe bears the burden of proof.

94.     Closing arguments (ViaTech, followed by Adobe, followed by rebuttal by ViaTech).

**C.     Motions *in Limine***

95.     Agreed motions *in limine* are set forth below:

a.      The parties shall be precluded from introducing evidence, testimony or argument regarding the parties' sources of funds, financing or attorney-fee compensation including amount or structure.

b.      The parties shall be precluded from introducing evidence, testimony or argument regarding any expert's past relationship with either party's counsel or retention by either party's counsel.

c.      The parties shall be precluded from introducing evidence, testimony, or argument that raises religious or political beliefs, race, ethnicity, gender, national origin, sexual orientation, or vaccination status of a party, witness, attorney, or law firm.

-22-

d.      The parties shall be precluded from introducing evidence, testimony, or argument referring to the role or presence in the courtroom of jury consultants or shadow jurors, or the use of focus groups or mock proceedings to assist with trial preparation, jury selection, or trial, if any are used.

e.      Adobe shall be precluded from referring to ViaTech using the terms "patent troll," "pirate," "bounty hunter," "bandit," "playing the lawsuit lottery," "shell company," "shakedown artist," "patent assertion entity," "non-practicing entity," or "NPE."

f.      Adobe shall be precluded from introducing evidence, testimony, or argument regarding the Protective Order in the case or any alleged violations thereof. This would include the declaration executed by Vijay Madisetti in connection with any alleged Protective Order violation, with the exception that Adobe may use the declaration for impeachment only in the event that Dr. Madisetti's trial testimony contradicts his declaration testimony.  Adobe agrees not to cross-examine Dr. Madisetti on facts relating to when he first had access to Adobe confidential information.

96.      Pursuant to paragraph 14 of the operative scheduling order (D.I. 59), the parties' contested motions *in limine* will be separately filed.

### D.      Voir Dire, Jury Instructions, and Verdict Form

97.      The parties are separately submitting to the Court proposed voir dire, preliminary and final jury instructions, and verdict forms.

98.      The Court will conduct voir dire of potential jurors on September 18, 2023.

### E.      Jurors and Jury Procedures

99.      On the first day of trial, each member of the jury will be provided a binder (prepared by ViaTech and approved by Adobe) containing: (1) the Asserted Patent, (2) the terms/phrases of the Asserted Claims that have been construed, any agreed constructions, and the Court's constructions, (3) any agreed upon glossary of terms, and (4) several blank sheets for notes.

100.      The parties agree that the jurors shall be permitted to write notes by hand on their notepads during the trial, and that jurors be permitted to bring their provided binders and notepads into the deliberation room.  The jurors shall be instructed not to share the binders and notepads with each other, although they can discuss the contents of their notes.  The jurors' binders and notepads be collected by the clerk each evening after daily recess and collected and destroyed without review after the jury's final discharge.

### F.      Set-up of Electronic Equipment

101.      The parties request that the Court grant them access to the Courtroom on Friday, September 15, 2023, the business day before trial begins, to allow them to set up electronic and computer devices to be used during the trial.

### G.      Handling of Confidential Information at Trial

102.      The parties anticipate that the majority of the trial will be open to the public and not sealed unless a party specifically requests that a particularly sensitive portion be sealed.  If a party makes such a request, subject to the Court's approval, and for good cause shown, the courtroom shall be cleared of those individuals not qualified under the Protective Order entered in this case, except that each party may designate one corporate representative who may remain in the courtroom throughout the entirety of trial.  Each party must notify the opposing party of the identity of this corporate representative by 7:00 pm three (3) days before trial.

-24-

103.    Transcripts of any sealed testimony, and exhibits entered while the courtroom is sealed, shall remain under seal until thirty (30) days after the conclusion of the trial.  Prior to that time, the parties may designate, by page and line designations, the portions of the transcript they seek to have filed under seal and the exhibits they seek to have placed under seal, subject to the Court's approval.  Counsel for the parties shall be responsible for supplying the necessary envelopes and labels for any materials placed under seal.

**H.      Sequestration of Witnesses**

104.    Pursuant to Fed. R. Evid. 615, the parties request that the Court prevent fact witnesses from hearing the testimony of other witnesses.  The parties further request that in accordance with provision (2) of Rule 615, this exclusion rule will not apply to the officer or employee designated by each party as its representative.  The parties also agree that a party may designate one alternate corporate representative in case the originally designated corporate representative is unavailable for a full day of trial.  The parties further request that expert witnesses not be excluded for either fact or expert testimony.

**I.      Other Stipulations**

105.    The parties stipulate that the Federal Judicial Center's Introduction to the Patent System video will be played as part of the Court's preliminary jury instructions.

106.    The parties agree that written responses to interrogatories and requests for admission that were served during discovery in this litigation may be used at trial consistent with the Federal Rules of Civil Procedure and Federal Rule of Evidence.  The parties further agree that the written responses may be read to the jury.  This does not include ViaTech's discovery responses to Microsoft in the Microsoft litigation.

107.    On September 20, 2022, in lieu of production and inspection of product software code, Adobe made a stipulation as to its source code.  That stipulation is attached hereto as

**Exhibit I**.  The parties will work to prepare a revised stipulation to be read to the jury in advance of trial.

108.    On August 7, 2023, in a letter requested by the Court, ViaTech represented that it would not argue at trial that preinstallation versions of Adobe Accused Products are a "digital content file."

109.    All motions for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) may be brought to the Court orally or in writing, at any time before the jury begins deliberations.  To the extent the court does not grant any party's motion for judgment as a matter of law, unless the Court sets alternative deadlines, all oppositions to motions filed pursuant to Fed. R. Civ. P. 50(b) must be filed within 28 days of the filing of the motion. All replies in support of the motions must be filed within 21 days of service of any oppositions.  The parties reserve their right to seek reasonable extensions of these deadlines subject to the Court's approval.

**J.    Current status of outstanding disputed issues.**

110.    **The scope of Bob Doherty's testimony at trial.  ViaTech's Position:** ViaTech does not currently anticipate that there will be a dispute about the scope of Mr. Doherty's testimony at trial but understands the Court's instructions about the scope of testimony and will provide a proffer in advance of his testimony for any testimony relating to the time after he ceased employment with ViaTech.  Adobe's concerns about use of materials not produced in discovery is unfounded, and ViaTech will work in good faith to ensure that Adobe has adequate time to raise any concerns it has.  In addition, Adobe did not take Mr. Doherty's deposition in this matter.  He was deposed in his individual capacity in a deposition that occurred seven years ago. To the extent Adobe deems it appropriate, the testimony Adobe cites is available for Adobe to use on cross-examination, and is not a bar to non-hearsay testimony for which ViaTech can lay a foundation.  **Adobe's Position:** Adobe does not believe there is a foundation or a non-

-26-

hearsay basis for Mr. Doherty to testify as to matters after he left ViaTech in 2003. Adobe
preserves all objections and arguments until it receives ViaTech's proffer, and further objects to
any testimony by Mr. Doherty based on recollection refreshed, including by any materials not
made available to Adobe in discovery.

111.   **The scope of Mr. Murtaugh's testimony at trial.** ViaTech withdraws its
objection to the substitution of Mr. Murtaugh for Ms. Wright. In the event that Mr. Murtaugh is
to be called as a witness, Adobe will offer Mr. Murtagh for a pre-trial deposition at ViaTech's
request.

112.   **The 2015 Notice Letter.** ~~**ViaTech's position:** The Court did not issue a final
ruling on the scope of testimony regarding the 2015 Notice Letter, but indicated that the
permissible testimony would likely be limited. ViaTech understood the Court ruling on evidence
related to the 2015 notice letter to be based on in part on Adobe's representation that it would
defend against the charge of willfulness solely on the basis of the merits of its invalidity and
noninfringement positions presented at trial and requested that Adobe so stipulate. Adobe
refused to do so. Accordingly, ViaTech notes its continuing concerns.~~ **Adobe's Position:** ~~Adobe
understands this issue to have been resolved by the Court as follows:~~ the parties should not be
addressing Adobe's 2015 investigation, the jury should not hear there was an investigation in
2015, and the jury should only hear that a letter was sent, it accused various Adobe products of
infringing, and there was no response.

*RGA*

113.   **Native source code files.** Adobe has reduced the number of container files to
four and the number of native files in those containers is now approximately 575. ViaTech
continues to object, but the parties are continuing to meet and confer and believe they will reach
a resolution of this issue before trial.

114.   **IT IS HEREBY ORDERED** that this Final Pretrial Order shall control the

subsequent course of the action, unless modified by the Court to prevent manifest injustice.

Dated:

Honorable Richard G. Andrews
U.S. District Court Judge

By: */s/ Andrew C. Mayo*
John G. Day (#2403)
Andrew C. Mayo (#5207)
ASHBY & GEDDES
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
302-654-1888
jday@ashbygeddes.com
amayo@ashbygeddes.com

*Of Counsel*:

Denise M. De Mory (*Pro Hac Vice*)
Michael Zachary (*Pro Hac Vice*)
Richard C. Lin (*Pro Hac Vice*)
Hillary N. Bunsow (*Pro Hac Vice*)
Joshua Scheufler (*Pro Hac Vice*)
Elizabeth Day (*Pro Hac Vice*)
Aaron Hand (*Pro Hac Vice*)
BUNSOW DE MORY LLP
701 El Camino Real
Redwood City, CA 94063
Tel.: (650) 351-7248
Fax: (415) 426-4744
ddemory@bdiplaw.com
mzachary@bdiplaw.com
rlin@bdiplaw.com
hillarybunsow@bdiplaw.com
jscheufler@bdiplaw.com
eday@bdiplaw.com
ahand@bdiplaw.com

*Attorneys for Plaintiff*
VIATECH TECHNOLOGIES, INC.

By: */s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
Valerie A. Caras (#6608)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
caras@rlf.com

*Of Counsel:*

James F. Valentine
jvalentine@perkinscoie.com
Perkins Coie LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
(650) 838-4300

Christopher G. Hanewicz
CHanewicz@perkinscoie.com
Perkins Coie LLP
33 East Main Street, Suite 201
Madison, WI 53703-3095
(608) 663-7460

Matthew J. Moffa
MMoffa@perkinscoie.com
Thomas V. Matthew
TMatthew@perkinscoie.com
Perkins Coie LLP
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036-2711
(212) 262-6900

*Attorneys for Defendant* ADOBE INC.

-28-