**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| VIATECH TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 20-358-RGA-JLH |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| ADOBE INC., | ) | **REDACTED** |
| | ) | **PUBLIC VERSION** |
| Defendant. | ) | |

**ADOBE INC.'S LETTER TO THE HONORABLE RICHARD G. ANDREWS
REGARDING PLAINTIFF'S REQUEST TO EXCLUDE ELECTRONIC ARTS
AGREEMENT**


OF COUNSEL:

James F. Valentine
Perkins Coie LLP
3150 Porter Drive
Palo Alto, CA 94304

Christopher Hanewicz
Michelle M. Kemp
Perkins Coie LLP
33 East Main Street
Suite 201
Madison, WI 53703

Matthew Moffa
Thomas V. Matthew
Perkins Coie LLP
1155 Avenue of the Americas
22nd Floor
New York, NY 10036

Roderick J. O'Dorisio
Perkins Coie LLP
1900 Sixteenth Street, Suite 1400,
Denver, CO 80202


Dated:  September 6, 2023

Kelly E. Farnan (#4395)
Sara M. Metzler (#6509)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
metzler@rlf.com

*Attorneys for Defendant Adobe, Inc.*



Kelly E. Farnan
302-651-7705
Farnan@rlf.com

September 6, 2023

**REDACTED**
**PUBLIC VERSION**

**BY CM/ECF**
The Honorable Richard G. Andrews
United States District Court
 for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

     Re:     *Viatech Technologies, Inc. v. Adobe Inc.*, C.A. No. 20-358-RGA-JLH

Dear Judge Andrews:

     ViaTech's one paragraph motion *in limine* with respect to the EA Agreement argued that "Adobe may try to introduce testimony regarding the alleged wrongful conduct relating to the funds owed by ViaTech to EA," which would be "highly prejudicial". D.I. 243 at 3. In its written response and at the hearing, Adobe confirmed that it did not intend to introduce any such testimony. That should have been the end of it.  Instead, ViaTech's counsel argued for exclusion of the EA Agreement as being the result of threatened litigation. When questioned about the presence of that fact in the record, counsel for ViaTech could not identify any such evidence. The Court then asked counsel for ViaTech to submit a letter identifying "the record basis" for what the circumstances were at the time of the agreement.  9/1/2023 Hearing Transcript at 101:25-102:6.[1]

     Instead, ViaTech submitted an uninvited supplemental letter brief with respect to its motion *in limine* that (1) identifies no record basis for the assertion that the EA Agreement was entered into under threat of litigation; and (2) misrepresents Adobe's damages expert's reliance on to the Electronic Arts Agreements and essentially raises an untimely *Daubert* challenge to Dr. Mody's opinions.

     With respect to Dr. Mody's discussion of the EA Agreements in her report, she discusses the settlement of ViaTech's debt and the related patent license: ███████████████████████
███████████████████████████████████████████████████████
     Mody Report ¶ 35. "As part of its settlement agreement with Electronic Arts, ViaTech granted Electronic Arts a non-exclusive, world-wide, transferable, and ██████████ license to the

---

[1] The Court also asked counsel for Adobe to submit a letter (1) identifying the record cite for the Expert Report of Adobe's damages expert, Nisha Mody, and (2) attaching the Electronic Arts agreements.  Adobe's counsel did as the Court requested.  D.I. 257.

■ ■ ■

The Honorable Richard G. Andrews
September 6, 2023
Page 2

patent-in-suit." *Id.* ¶ 36.  In these paragraphs, Dr. Mody also acknowledges ████████ ████████ and his statement that he does not believe Electronic Arts thereafter used the '567 patent.  And in paragraph 81, Dr. Mody is noting that the EA Agreement "fails to buttress Mr. Bergman's running royalty rate on net revenue."   Indeed, the lump sum payment/debt forgiveness supports Dr. Mody's lump sum royalty figure of no more than ████████.

ViaTech's letter cites to other portions of Dr. Mody's Report (¶¶ 12, 47) where she notes inconsistent evidence as to whether Electronic Arts has ever used the '567 patent and whether the earlier "hosting agreement" between EA and ViaTech underlying the disputed debt related to the '567 patent.  (It did not.)  But as this Court recognized, a patent license was taken in lieu of ████████ owed to Electronic Arts, thus some value was being placed on the patent. 9/1/2023 Hearing Tr. at 99:2-10.  The Electronic Arts Agreements submitted by Adobe showing acceptance of ████ and a license to the '567 patent in satisfaction of a ████ debt confirm this point.  The arguments in ViaTech's letter brief should be rejected.  There is no basis to exclude the EA Agreement[2] or Dr. Mody's testimony regarding it.

To the extent Your Honor has additional questions, counsel remains available at the Court's convenience.

Respectfully,

*/s/ Kelly E. Farnan*

Kelly E. Farnan (#4395)

KEF/lll
Attachments

cc: Counsel of Record (via CM/ECF)

---

[2] There may be other witnesses with whom it would be appropriate to use the EA Agreements on either direct or cross examination and ViaTech's letter provides no basis to exclude those uses.

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2023, true and correct copies of the foregoing

document were caused to be served on the following counsel of record as indicated:

**BY ELECTRONIC MAIL**
John G. Day
Andrew C. Mayo
Ashby & Geddes
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801

**BY ELECTRONIC MAIL**
Denise M. De Mory
Michael N. Zachary
Jennifer L. Gilbert
Richard C. Lin
Hillary N. Bunsow
Joshua Scheufler
Elizabeth Day
Aaron Hand
Bunsow De Mory LLP
701 El Camino Real
Redwood City, CA 94063

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
farnan@rlf.com