IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| VIATECH TECHNOLOGIES, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>ADOBE INC.,<br><br>    Defendant. | Civil Action No. 20-358-RGA |

MEMORANDUM OPINION

John G. Day, Andrew C. Mayo, ASHBY & GEDDES, Wilmington, DE; Denise M. De Mory (argued), Michael Zachary, Richard C. Lin, BUNSOW DE MORY LLP, Redwood City, CA,

    Attorneys for Plaintiff.

Kelly E. Farnan, Sara M. Metzler, RICHARDS, LAYTON & FINGER, P.A., Wilmington, DE; James F. Valentine, PERKINS COIE LLP, Palo Alto, CA; Christopher G. Hanewicz (argued), PERKINS COIE LLP, Madison, WI; Matthew J. Moffa (argued), PERKINS COIE LLP, New York, NY,

    Attorneys for Defendant.

July 17, 2024

*/s/ Richard G. Andrews*
ANDREWS, UNITED STATES DISTRICT JUDGE:

Before me are Plaintiff's motion to amend judgment pursuant to Federal Rule of Civil Procedure 59 (D.I. 311), Defendant's renewed motion for judgment as a matter of law or new trial on infringement (D.I. 315), and Defendant's motion for new trial or remittitur on damages (D.I. 316). The motions have been fully briefed. (D.I. 312, 325, 328, 332, 337, 338). I heard oral argument on June 21, 2024.[1]

For the reasons set forth below, Defendant's renewed motion for JMOL or new trial on infringement is GRANTED IN PART, DENIED IN PART, and DISMISSED IN PART as moot. Plaintiff's motion to amend judgment and Defendant's motion for new trial or remittitur on damages are DISMISSED as moot.

## I.   BACKGROUND

Plaintiff filed its Complaint against Defendant in May 2019, alleging infringement of U.S. Patent No. 6,920,567 ("the '567 patent"). (*See* D.I. 1). I held a jury trial in September 2023.[2] During trial, Defendant moved for judgment as a matter of law. (Trial Tr. at 744:9–748:6). I denied Defendant's motion as to all arguments other than willfulness, which I took under advisement. (*Id.* at 748:7–9).

The jury returned a verdict finding that Defendant's products containing Application Management Technology infringed claims 1, 5, and 7 of the '567 patent, that Defendant's products containing Next Generation Licensing infringed claims 1, 7, 13, and 14 of the '567 patent, that Plaintiff was entitled to $33,799,921 in damages, and that none of the asserted claims

---

[1] Citations to the transcript of the argument, which is not yet docketed, are in the format "Hearing Tr. at ___."

[2] The trial transcript appears on the docket at D.I. 317 through D.I. 322. The transcript is consecutively paginated. I refer to the trial transcript in this opinion as "Trial Tr. at ___."

2

were invalid. (D.I. 284; *see also* D.I. 332 at 1). I entered a judgment for Plaintiff and against Defendant on September 28, 2023. (D.I. 288).

## II. LEGAL STANDARD

### A. Motion for Judgment as a Matter of Law

Judgment as a matter of law is appropriate if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for [a] party on [an] issue." Fed. R. Civ. P. 50(a)(1). "Entry of judgment as a matter of law is a 'sparingly' invoked remedy, 'granted only if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability.'" *Marra v. Phila. Hous. Auth.*, 497 F.3d 286, 300 (3d Cir. 2007) (citations omitted).

"To prevail on a renewed motion for JMOL following a jury trial, a party 'must show that the jury's findings, presumed or express, are not supported by substantial evidence or, if they were, that the legal conclusion(s) implied [by] the jury's verdict cannot in law be supported by those findings.'" *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1348 (Fed. Cir. 1998) (citation omitted). "'Substantial' evidence is such relevant evidence from the record taken as a whole as might be accepted by a reasonable mind as adequate to support the finding under review." *Perkin-Elmer Corp. v. Computervision Corp.*, 732 F.2d 888, 893 (Fed. Cir. 1984).

In assessing the sufficiency of the evidence, the Court must give the non-moving party, "as [the] verdict winner, the benefit of all logical inferences that could be drawn from the evidence presented, resolve all conflicts in the evidence in [its] favor and, in general, view the record in the light most favorable to [it]." *Williamson v. Consol. Rail Corp.*, 926 F.2d 1344, 1348 (3d Cir. 1991). The Court "must not determine credibility of witnesses, and must not

substitute its choice for that of the jury between conflicting elements in the evidence." *Perkin-Elmer*, 732 F.2d at 893. Rather, the Court must determine whether the evidence supports the jury's verdict. *See Dawn Equip. Co. v. Ky. Farms Inc.*, 140 F.3d 1009, 1014 (Fed. Cir. 1998); 9B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2524 (3d ed. 2008) ("The question is not whether there is literally no evidence supporting the party against whom the motion is directed but whether there is evidence upon which the jury might reasonably find a verdict for that party.").

### B. Motion for a New Trial

Federal Rule of Civil Procedure 59(a)(1)(A) provides:

The court may, on motion, grant a new trial on all or some of the issues–and to any party–as follows: (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . .

Among the most common reasons for granting a new trial are: (1) the jury's verdict is against the clear weight of the evidence, and a new trial must be granted to prevent a miscarriage of justice; (2) newly discovered evidence exists that would likely alter the trial's outcome; (3) improper conduct by an attorney or the court unfairly influenced the jury's verdict; or (4) the verdict was facially inconsistent. *See LifeScan, Inc. v. Home Diagnostics, Inc.*, 103 F. Supp. 2d 345, 351 (D. Del. 2000) (citing *Zarow–Smith v. N.J. Transit Rail Operations, Inc.*, 953 F. Supp. 581, 584–85 (D.N.J. 1997)).

The decision to grant or deny a new trial is committed to the sound discretion of the district court. *See Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980); *Olefins Trading, Inc. v. Han Yang Chem Corp.*, 9 F.3d 282, 289 (3d Cir. 1993) (reviewing district court's grant or denial of new trial motion under deferential "abuse of discretion" standard). Although the standard for granting a new trial is less rigorous than the standard for granting judgment as a

matter of law—in that the court need not view the evidence in the light most favorable to the verdict winner—a new trial should only be granted where "a miscarriage of justice would result if the verdict were to stand," the verdict "cries out to be overturned," or the verdict "shocks [the] conscience." *Williamson*, 926 F.2d at 1352–53.

## III. DISCUSSION

### A. Infringement

#### 1. License Monitor and Control Mechanism

Defendant argues no reasonable jury could find that the accused products have a "license monitor and control mechanism," or LMCM. (D.I. 332 at 7). Defendant refers to my claim construction order, which states,

> The term "license monitor and control mechanism communicating with a dynamic license database [and/for] monitoring use of the digital content by a user to determine whether a use of the digital content by a user comp[li]es with the license defined in the dynamic license database" means:
> Function:
> (1) communicating with a dynamic license database, and
> (2) monitoring use of the digital content by a user to determine whether a use of the digital content by a user complies with the license defined in the dynamic license database.
> Corresponding structure:
> Col. 4:53-62, 13:59-14:2, 14:7-13, 14:44-15:54, 16:10-25, 17:18-23, 17:46-61, 18:61-19:5, 19:40-20:3, 23:8-24 of the '567 patent, and equivalents thereof.

(D.I. 86 at 2). Defendant contends that the claim construction order specifies two functions—communicating and monitoring—for the LMCM term, along with "ten specification passages as algorithmic structure for precisely *how* this communication and monitoring must occur." (D.I. 332 at 7–8). Defendant argues that Plaintiff, to prove infringement at trial, "was required to offer evidence that [Defendant] performed the complete algorithm, and/or the alternative algorithms." (*Id.* at 8). Defendant contends that Plaintiff failed to do so.

5

Defendant argues that Plaintiff did not prove the structure required to perform the communication function. Defendant's argument goes like this. Plaintiff's expert, Dr. Madisetti, "failed to address the communicating step, leaving the jury with insufficient evidence to conclude this limitation was met." (*Id.* at 7). Dr. Madisetti "pointed to two short specification passages"—lines 13:59–14:2 and 14:7–13—that "add minimal structure to the claimed functions." (*Id.* at 9). The "necessary detail comes from the *combination* of passages" listed in the claim construction order, including language describing "how the LMCM is embedded in 'different types of [digital content files]'" (lines 14:44–15:54) and language specifying "the precise 'interprocess communications' required for 'controlling communication' with the dynamic license database" (lines 23:8–24). (*Id.*). Dr. Madisetti "ignored the majority of the structure." (*Id.* at 9–10).

Plaintiff argues that Defendant, when moving for JMOL at trial, "did not argue that there was a lack of corresponding structure in the accused products for 'communicating with a dynamic license database.'" (D.I. 337 at 6). Plaintiff thus contends that Defendant has waived its right to assert that argument now. (*Id.*). Plaintiff contends Defendant argued "a completely different theory" at trial. (*Id.*).

Plaintiff contends that even if there were no waiver, Dr. Madisetti's testimony sufficiently establishes that the accused products meet the LMCM limitation. (*Id.* at 7; *see also* Hearing Tr. at 49:3–52:4). Dr. Madisetti "provided detailed testimony showing how source code functions in both the AMT and NGL systems perform the function of 'communicating with a dynamic license database' using the same structure as disclosed in the '567 specification." (D.I. 337 at 7). Dr. Madisetti identified lines 13:59–14:2 as disclosing the structure for the "communicating" function and testified that the accused products have that structure. (*Id.*).

Plaintiff further contends Dr. Madisetti testified that the accused products include the structure for "monitoring" that is described in lines 14:7–13. (*Id.* at 8). Plaintiff disagrees that it needed to show anything more to prove infringement of the LMCM limitation. (*Id.* at 8–9).

In its reply, Defendant contends that it has not waived its argument. (D.I. 338 at 8). Defendant argues that its Rule 50(a) motion at trial was sufficiently specific. (*Id.*).

I agree with Defendant that it did not waive its argument about the LMCM limitation. At trial, Defendant argued,

> ViaTech has not shown by a preponderance of the evidence that the structures Dr. Madisetti relies on for the license and control mechanism means-plus-function term under 35 U.S.C. 112(f) – I think it's (f) or (6). I think upon the date, I believe it's (f). I think it's the same law – that they were available at the time of the issuance of the patent.
>
> ViaTech provided no evidence of the structures in the accused AMT and NGL products on which Dr. Madisetti relies for Claim Element 1c. That's that license monitor and control mechanism, which the Court has construed under 112(6). There's no evidence they were available at the time of the issuance of the patent. And under *Al-Site Corp.*[3] and its progeny, they had that obligation and failed to meet it.

(Trial Tr. at 747:2–15) (footnote added). Viewing this portion of the trial transcript as a whole, I think Defendant sufficiently raised the relevant structure issue at trial. *See W. Union Co. v. MoneyGram Payment Sys., Inc.*, 626 F.3d 1361, 1367 (Fed. Cir. 2010) ("We have held that even a cursory motion suffices to preserve an issue on JMOL so long as it 'serves the purposes of Rule 50(a), i.e., to alert the court to the party's legal position and to put the opposing party on notice of the moving party's position as to the insufficiency of the evidence.'" (applying Fifth Circuit law) (citation omitted)); *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1173 (3d Cir. 1993) ("A motion for judgment as a matter of law pursuant to Rule 50(b) must be preceded by a Rule

---

[3] *See Al-Site Corp. v. VSI Int'l, Inc.*, 174 F.3d 1308 (Fed. Cir. 1999).

50(a) motion *sufficiently specific* to afford the party against whom the motion is directed with an opportunity to cure possible defects in proof which otherwise might make its case legally insufficient.").

I further agree with Defendant that Plaintiff failed to present evidence from which a reasonable jury could find that the accused products meet the LMCM limitation. At oral argument, Plaintiff conceded that Dr. Madisetti relied on only two portions of the '567 patent's specification at trial. (Hearing Tr. at 27:13–20). Those portions state:

> Step 26g—The license is validated with each runtime access of the DCF 10 by the license checking functions of the FACM 12 embedded in the DCF 10, that is, the LMCM 18, which locates the eLicense, that is, the resident Dldb 14 containing information relating to the eLicense, decodes the information contained therein, and affirms that the conditions and restrictions of the license are met.
> Step 26h—If the license checks are passed, the user is permitted access to the contents of the DCF 10 for use in the normal fashion, and, if the license checks do not pass, the user is not permitted access to the contents of the DCF 10 . . . .
>
> With regard to Steps 26, it should be noted that the license checking functions may examine, for example, whether the system identifier matches that in the license, as the license is specific to a host system, whether the product identity is correct, whether duration, execution count, and cumulative time controls in the license have [e]xpired, and that the system clock has not been altered.

('567 patent at 13:59–14:2, 14:7–13). This portion of the specification identifies structure for the "monitoring" function, but I do not think that it identifies any structure for the "communicating" function of the LMCM limitation. Thus, Plaintiff's concession that the only "structure" Dr. Madisetti demonstrated was the "structure" of those two portions of the specification is a concession that Plaintiff failed to prove the structure in the accused products that corresponds to the communication function.

The claim construction did not specify which of the ten cited specification passages provided sufficient structure, either alone or in combination, for each of the two functions.

8

Review of some of the other cited passages shows that the specification does disclose structure. For example, column 23 of the specification states,

> In support of the above described communications, and as illustrated in FIGS. 1A and 2, the eLicense control mechanism of the present invention further includes Communication Support Mechanisms (CSMs) 68 for providing and controlling communication, for example, between the LMCM 18, the GUI 22, or the DeLMM 40 and the Dldb 14. The CSM 68s additionally function as access control and security mechanisms to inhibit or prevent unauthorized communication and access to, for example, the Dldb 14. In the presently preferred embodiment of a FACM 12, the communications with and between the components of a FACM 12, and in particular communication to and from the Dldb 14, as implemented in and through CSM 68s through interprocess communication methods and remote procedure calls rather than through conventional file input/output processes.

(*Id.* at 23:8–24; *see also id.* at 14:44–15:54).

Plaintiff does not contend that Dr. Madisetti presented any testimony that related to the above-described structure. Although I do not necessarily agree with Defendant's contention that Plaintiff needed to prove exactly five elements for the LMCM limitation (*see* Hearing Tr. at 25:6–27:10), I conclude that Plaintiff did not submit evidence of corresponding structure (or any structure at all) in the accused products for "communicating with a dynamic license database." *See Traxcell Techs., LLC v. Sprint Commc'ns Co.*, 15 F.4th 1121, 1129 (Fed. Cir. 2021) ("Showing identical function is not enough for literal infringement of a means-plus-function claim—[the plaintiff] must also provide evidence of identical or equivalent *structure*.").

Dr. Madisetti testified,

> Q. Now, the Court's discussion also refers to structures. Can you explain a little bit more about that?
>
> A. Yeah, structure means what carries out the function, as a simple example. So, if you go to the next slide, you will see that – here is an example of the structure. In Column 13, Lines 59 through 14, Line 2 the Court has pointed to this one. That says that in this particular section that you located an eLicense that is listed in the dynamic license database containing information relating to the license that's the sort of structure.

9

> So, I identified the corresponding source code here on the right from Adobe. The SLCoreServiceGetLicenseInfo, which is Adobe SC 0627. And GetLicenseInfo – GetLicenseInfo, which is Adobe SC 0017 through 18 in Exhibit PX 002 shows that this structure that carries out these functions is also present in the accused AMT products.
>
> Q. So, are you saying that the AMT products have the same structure for this element?
>
> A. As required by the Court, I've shown that these code – these are communicating with the dynamic license database which is SLCore and getting the license info, which is exactly how the specification, Columns 13 through 14, identified in the Court's construction as a possible structure describes it.

(Trial Tr. at 388:3–389:2).

> Q. Okay. Can we start with the first part, the first function of communicating with the dynamic license database?
>
> A. Yes.
>
> Q. Okay. What did you find there?
>
> A. I found that, for example, Exhibit 87 clearly shows that – your Adobe application, the license monitor communicating with the dynamic license database. So, you're communicating with a dynamic license database. So, the dynamic license database shown on the right, which is the user credential store.
>
> Q. And did you find source code relating to this?
>
> A. Yes. Yes. And the source code is the GetRefreshProfile, which is Adobe source code 465 and GetASNP that fetches it from the credential store, which is Pages 675 through 676.
>
> Q. And what about the second function of monitoring use?
>
> A. Yes. That's the next slide. So, here, we have the Adobe source code called StartRecurringAuthAndProfileChecks, which is source code 467. GetRefreshProfile, which is source code on SC 465. GetASNP, which is SC 675 through 676. ProcessV2Profile, SC 0477 through 480. And ValidateLicense, SC 462 of Exhibit 2.

(*Id.* at 423:6–424:2).

I think Dr. Madisetti's testimony at most merely shows what the "communicating" function is, not how to perform the function. That is insufficient to establish infringement. *See Traxcell*, 15 F.4th at 1129 (finding the plaintiff "didn't provide enough evidence for a reasonable jury to conclude that the accused structure performs the claimed function in 'substantially the same way' as the disclosed structure," as the plaintiff "neglected to address a significant fraction of that [disclosed] structure" and its expert "discussed the accused technology at only a generalized level"). Dr. Madisetti did not testify about parts of the specification that disclose structure for the "communicating" function, nor did he identify such structure in the accused products. (*See, e.g.*, Trial Tr. at 379:10–14, 380:6–381:6, 388:3–389:2, 423:6–20, 424:14–425:24).

Thus, viewing the evidence in the light most favorable to Plaintiff, I will GRANT Defendant's renewed motion for judgment as a matter of law on the basis that Plaintiff failed to submit evidence from which a reasonable jury could conclude that Defendant's products meet the LMCM limitation of the asserted patent claims.

I address Defendant's alternative request for a new trial on infringement. Under Rule 50(c)(1), "If the court grants a renewed motion for judgment as a matter of law, it must also conditionally rule on any motion for a new trial by determining whether a new trial should be granted if the judgment is later vacated or reversed." Fed. R. Civ. P. 50(c)(1). If the Federal Circuit were to vacate or reverse my decision, it would only be because the Court would have determined that there was sufficient proof that the accused products contained the structure disclosed in the specification. In that case, I do not think a new trial would be warranted. That portion of Defendant's motion is therefore DENIED.

### 2. Remaining Claim Limitations

11

Because Plaintiff failed to submit evidence from which a reasonable jury could conclude that Defendant meets the LMCM limitation, Plaintiff cannot establish infringement of the asserted patent claims. I therefore do not need to reach Defendant's remaining non-infringement arguments. Those portions of Defendant's motion are DISMISSED as moot.

### B. Damages

Because Plaintiff has failed to submit evidence from which a reasonable jury could find infringement, Plaintiff's damages award cannot stand. I thus do not need to reach Defendant's motion for a new trial or remittitur on damages. That motion is DISMISSED as moot. Plaintiff's motion to amend judgment is similarly DISMISSED as moot.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's renewed motion for JMOL or new trial on infringement (D.I. 315) is GRANTED IN PART, DENIED IN PART, and DISMISSED IN PART as moot. The motion is GRANTED due to Plaintiff's failure to submit evidence from which a reasonable jury could conclude that Defendant's accused products meet the license monitor and control mechanism limitation of the asserted patent claims. The judgment of infringement is hereby vacated. Defendant's motion is DISMISSED as moot with respect to Defendant's remaining non-infringement arguments. Defendant's motion is DENIED with respect to its request for a new trial on infringement.

Plaintiff's motion to amend judgment (D.I. 311) and Defendant's motion for new trial or remittitur on damages (D.I. 316) are DISMISSED as moot.

An appropriate order will issue.